## MISSOURI, KANSAS & TEXAS RAILWAY COMPANY OF TEXAS v. D. HENSERLANG.

### Decided March 22, 1905.

**1.—Continuance—Amendment.**

An amendment which merely amplified and rendered more specific the allegations of the original petition did not entitle defendant to a continuance, though filed on the day the cause was called for trial, where the issues involved and the facilities shown to be possessed by defendant for meeting them are such that it does not appear that the court abused its discretion by the refusal.

**2.—Assignment of Error.**

On appeal by defendant his assignment that the court erred "in giving and not refusing the special charge asked by defendant," is not sufficient to present error in giving the charge asked by plaintiff, though the use of the word defendant was obviously by mistake.

**3.—Charge—Negligence—Assumed Risk.**

The giving and refusing of various charges on negligence and assumed risk considered and held to involve no error.

Appeal from the District Court of Hays County. Tried below before Hon. L. W. Moore.

*Fiset & McClendon,* for appellant.—Plaintiff's first amended petition alleged new matter which entitled defendant to a continuance on the ground of surprise, in that the amended original petition charged that a certain pin or pins were defective, while the original petition only charged that the main pin was defective.

The allegation of said amended petition to the effect that, to disconnect the engine, or to run same in a disconnected condition, was dangerous, was new matter, and, under the allegations of defendant's motion, defendant was surprised thereby, and was entitled to a continuance, in order to procure the testimony of the witness McDaniel.

The amended petition alleged that, by the rules, customs and practices of the company, plaintiff was authorized to ride upon the engine. The original petition has no such allegations, and defendant's motion for continuance showed that defendant was surprised thereby, and was entitled to a continuance in order to procure the evidence of the witness McDaniels.

The amended petition alleges that plaintiff's injuries consisted of a contusion or rupture of some blood vessel or other portion of his brain or inner parts of his head; also of injuries to his feet and legs. No such allegations are made in the original petition, and defendant's motion for continuance showed that the defendant was entitled to a continuance in order to procure the testimony of Dr. Lloyd.

Where an amended petition is filed upon the eve of a trial, setting up

new matter, and defendant is surprised thereby, and shows by his motion that he can not safely go to trial upon said new allegations without additional ·testimony, which, on account of the lateness of the filing of the amendment, could not be procured, it is not within the discretion of the trial court to overrule the motion for continuance.

Defendant is only required, in preparing his case, to meet the issues raised by the pleadings, and, when a pleading is filed alleging new grounds of recovery, the defendant is entitled, as a matter of right, to have a reasonable time within which to procure such testimony as may be necessary to combat the new allegations.

The court erred in permitting the plaintiff to testify over the objections of defendant that it was the custom of plaintiff and other employes of the defendant company, under rule 316 of the defendant company, which plaintiff introduced in evidence, to ride on the engine in cold weather, because the rule speaks for itself, and because it was immaterial whether it was the custom to act on the rule. Missouri, K. & T. Ry. Co. v. Huff, 98 Texas, 110, 81 S. W. Rep., 525.

The court erred in permitting the following question and answer, propounded by plaintiff's counsel to plaintiff, who was a witness for himself: Q. "You have stated, in response to the question, that you did not realize there was any danger; was there anything to influence your judgment and action along with those conditions?" A. "Yes, sir; I was satisfied in my own mind that the engine was safe after the steam pressure had been taken away from it, and I was not an engineer, and if the engineer saw me sitting there, over danger I considered it his duty to warn me if I was in danger, which he did not do," because said question was·leading, and suggested the answer.

There was no pleading after the filing of the trial amendment charging the defendant with having disconnected the engine in a negligent manner, and the evidence therefore should have been excluded.

The court erred in giving, and in not refusing, the special charge asked by defendant (plaintiff). The special instruction requested by plaintiff and given by the court was affirmatively erroneous as applied to the facts in this cause, in that it instructed the jury that the plaintiff did not assume the risk of dangers which might arise from the negligence of defendant; whereas plaintiff did assume such risks even though arising from defendant's negligence, provided defendant had knowledge thereof. Gulf, C. & S. F. Ry. Co. v. Schwabbe, 1 Texas Civ. App., 573, 21 S. W. Rep., 707; Texas & P. Ry. Co. v. Bradford, 66 Texas, 732. The effect of this charge was that, under· no circumstances, did the plaintiff assume the risk arising from defendant's negligence, whether known to plaintiff or not. A charge which instructs the jury to find for a plaintiff, in the event they find certain facts in evidence true, and omits one of the facts essential to a recovery, is affirmative error. Baker v. Ashe, 80 Texas, 361. It follows, from the above rule, that a charge which instructs a jury that plaintiff did not assume the risks arising from defendant's negligence and omitting the exception to such rule, namely: where the risks, though arising from the negligence of defendant, are known to plaintiff, is affirmative error.

Error in a charge is not cured by another charge that makes no direct reference to the erroneous charge and neither withdraws nor

qualifies it. Missouri, K. & T. Ry. Co. v. Mills, 27 Texas Civ. App., 245, 65 S. W. Rep., 74. A material charge in conflict with another paragraph of the same charge, although capable of being understood by one learned in law, is misleading and reversible error. Edwards v. Dickson, 66 Texas, 615; Missouri, K. & T. Ry. v. Woods, 25 S. W. Rep., 742; Baker v. Ashe, 80 Texas, 361; Gulf, C. & S. F. Ry. Co. v. Allbright, 7 Texas Civ. App., 21, 26 S. W. Rep., 251; Western U. Tel. Co. v. May, 8 Texas Civ. App., 176, 27 S. W. Rep., 761; Snyder v. Morris, 14 Texas Civ. App., 641, 38 S. W. Rep., 220; Gonzales v. Adoue, 58 S. W. Rep., 951, 94 Texas, 125; International & G. N. Ry. Co. v. Lehman, 66 S. W. Rep., 215; Pound v. Turck, 95 U. S., 461; San Antonio & A. P. Ry. Co. v. Jazo, 25 S. W. Rep., 714; San Antonio & A. P. Ry. Co. v. Robinson, 73 Texas, 282; Burnett v. Lambach, 39 S. W. Rep., 1015; Southern K. Ry. Co. v. Sage, 98 Texas, 438, 11 Texas Ct. Rep., 978. A jury can not be required to harmonize conflicting charges. Southern K. Ry. Co. v. Sage, 98 Texas, 438, 11 Texas Ct. Rep., 979.

The court erred in refusing and in not giving defendant's special charge No. 2. The evidence affirmatively shows that the plaintiff knew of the condition of the engine prior to and at the time of the accident, and he therefore assumed the risk arising therefrom. The servant assumes not only the ordinary risks of his employment, but also all risks of which he has knowledge, whether same arose from the negligence of the master or not. Gulf, C. & S. F. Ry. Co. v. Schwabbe, 1 Texas Civ. App., 573, 21 S. W. Rep., 707; Texas & P. Ry. Co. v. Bradford, 66 Texas, 737. The knowledge of a defect in an appliance carries with it the knowledge of the increased danger of its use. Texas & P. Ry. Co. v. Bradford, 66 Texas, 732; Missouri P. Ry. Co. v. Somers, 78 Texas, 441. In order for the servant to relieve himself of the assumption of risks arising from defects in appliances which are known to the servant, it is necessary to plead and prove not only that he was ignorant of the danger arising from the defect, but that he was inexperienced, and that the master had knowledge of such inexperience and ignorance. Texas, S. V. & N. W. Ry. Co. v. Peden, 32 Texas Civ. App., 315, 74 S. W. Rep., 934. Where a defect is known to a servant, as well as to the master, in order for the servant to be relieved of the assumption of risks of danger arising from such defect, it must be shown either that the master had notice of the fact that the servant did not know of such dangers, or that the servant was inexperienced and the master had notice of such fact. There is nothing in the evidence showing or tending to show that the accident complained of was traceable to any of the defects in the engine complained of in plaintiff's petition. The burden of proof was on plaintiff to show that his injuries were the direct and proximate result of the particular acts of negligence of which he complained. Knowledge on the part of a servant of a defect in an appliance furnished by the master in and of itself puts the servant upon notice that the appliance is not suited or adapted for the purpose for which it is designed, and is or may be, therefore, dangerous, and the servant is therefore charged with knowledge of such danger by reason of his knowledge of the defect, unless it should appear that the servant was inexperienced and the master

had notice of such inexperience, or that the servant did not know that the defect rendered the appliance dangerous, and the master had notice of such lack of knowledge. Railway Co. v. Peden, supra.

The court erred in refusing and in not giving defendant's special charge number 2. The court erred in refusing and in not giving defendant's special charge number 3. The uncontroverted evidence in this cause showed that the plaintiff, at the time he was injured, was a mere trespasser or licensee upon the engine, and the charges requested should therefore have been given.

The court erred in refusing and in not giving defendant's special charge number 4. There was evidence to the effect that plaintiff, at the time he was injured, was riding upon the engine in violation of the rules of the company, and it was error for the court to decline to instruct the jury upon this issue.

The court erred in its main charge to the jury in defining negligence, as follows: "Negligence, as used in the charges given you, whether applied to plaintiff or defendant, means the failure to exercise that degree of care and caution which a person of ordinary prudence would exercise under the same or similar circumstances;" because said definition is incomplete in that it does not also instruct the jury that negligence means the doing of some act or thing which a person of ordinary prudence would not have done under the same or similar circumstances, and said definition given by the court is especially erroneous as applied to the facts in this case and the other portions of the main charge of the court and the special charges of the parties which were given by the court.

The court erred in that portion of its main charge reading as follows: "It was the duty of defendant to use ordinary care to furnish to plaintiff reasonably safe machinery for use in the prosecution of its business for which he was engaged, and plaintiff was authorized to assume that defendant would do so unless or until he may have known, or, in the exercise of ordinary diligence, would have known, that defendant had failed to do so, if it failed so to do. If you find from the evidence that said engine was defective or dangerous in the condition in which it was run, after being disconnected, if you find it was disconnected, and that the plaintiff knew of the condition of the engine, and either knew, or, in the exercise of ordinary care, would have known of the danger, if any, arising therefrom, then he assumed the risk of said danger, and you will find for defendant; but if you find that he did not know of such danger, and that same was not a risk ordinarily incident to his employment, and that, in the exercise of ordinary care, [he] would not have learned of such danger, then he did not assume the risk thereof." Said charge is erroneous in that it instructs the jury that the plaintiff, in order to have assumed the risk, must have known or been charged with knowledge of the danger arising from the defects in the engine, although he had actual knowledge of the defects, provided the danger was not such as was ordinarily incident to his employment. Texas & S. V. N. W. Ry. Co. v. Peden, supra.

A servant is presumed to know the danger incident to known defects in the appliances supplied by the master. Railway v. Peden, supra.

Where the servant knows of defects in appliances furnished him by the master, he assumes all risk of dangers incident to or arising out of such defects, unless he was ignorant of such dangers and the master had notice of such ignorance, or unless he was inexperienced and the master had notice of such experience. Railway v. Peden, supra. Lack of knowledge of dangers incident to known defects and inexperience of the servant must be brought home to the knowledge or notice of the master in order to relieve the servant of the assumption of risks of dangers incident to defects in appliances which are known to him. Railway v. Peden, supra. Plaintiff should plead and prove notice on the part of the master of inexperience of the servant, or the servant's lack of knowledge of dangers incident to known defects, in order to avail plaintiff as a defense to defendant's plea that plaintiff assumed the risk. Railway v. Peden, supra. Knowledge on the part of a servant of a defect in an appliance furnished by the master, in and of itself, puts the servant upon notice that the appliance is not suited or adapted for the purpose for which it is designed, and is or may be, therefore, dangerous, and the servant is therefore charged with knowledge of such danger by reason of his knowledge of the defect, unless it should appear that the servant was inexperienced and the master had notice of such inexperience, or that the servant did not know that the defect rendered the appliance dangerous, and the master had notice of such lack of knowledge. Railway v. Peden, supra.

*Will G. Barber* and *W. P. Donalson,* for appellee.—A continuance, by reason of amendment, is not matter of right. If the court thinks reasonably that there is no real ground for surprise, or that the party is as ready to try as he would have been had the amendment been filed earlier, then he should refuse the continuance, and this matter is largely in the discretion of the trial judge. Beham v. Ghio, 75 Texas, 89; Alamo F. Ins. Co. v. Shacklett, 26 S. W. Rep., 631; Fisk v. Miller, 13 Texas, 225; Texas C. Ry. Co. v. Williams, 26 S. W. Rep., 856; District Court Rule 16, 67 S. W. Rep., XXI.

As appellant showed it was ready and prepared to go to trial upon the theory that appellee contended the main-pin only was loose; and as appellee agreed to be, and was, confined to that pin, no injury could result.

The original petition was clearly sufficient to put the defendant on notice that plaintiff would contend there was negligence and danger in having the engine disconnected, and used in that condition, with loose pin.

Not only does the original petition charge that appellee was rightly upon the engine, but the allegations showing such right were in response to appellant's charges that he was a trespasser there. Under these conditions there could be no surprise thereat in the amendment. Texas & P. Ry. Co. v. Bagwell, 3 Texas Civ. App., 256, 22 S. W. Rep., 829.

This assignment, as shown in the transcript (and by the original), is: "The court erred in giving, and in not refusing, the special charge asked by defendant." Under this assignment appellant, in seven propositions, attacks the giving of a special charge asked by plaintiff. Just

how this can be done is not apparent to us, and we certainly object thereto. If we assume that appellant meant to say "plaintiff," instead of "defendant," the fact remains that it did not do so.

The specific injuries detailed in the amended petition would have been all admissible under the original petition. No surprise could properly be predicated upon the setting out of the injuries more in detail. Gulf, C. & S. F. Ry. Co. v. McMannewitz, 70 Texas, 73; Missouri P. Ry. Co. v. Mitchell, 72 Texas, 171; International & G. N. Ry. Co. v. Pina, 33 Texas Civ. App., 680, 77 S. W. Rep., 979; Texas & P. Ry. Co. v. Neal, 33 S. W. Rep., 693; Texas C. Ry. Co. v. Williams, 26 S. W. Rep., 856; Missouri, K. & T. Ry. Co. v. Walden, 46 S. W. Rep., 88; Missouri, K. & T. Ry. Co. v. Edling, 18 Texas Civ. App., 171, 45 S. W. Rep., 406; Fort Worth & D. C. Ry. Co. v. Partin, 33 Texas Civ. App., 173, 76 S. W. Rep., 237; Sherman S. & S. Ry. Co. v. Bell, 58 S. W. Rep., 147; City of Dallas v. Jones, 54 S. W. Rep., 606.

It is a correct proposition of law that the negligence of the master is not one of the risks embraced within the rule that the servant assumes the risks ordinarily incident to his employment. Missouri, K. & T. Ry. Co. v. Hannig, 91 Texas, 347; St. Louis S. W. Ry. Co. v. McDowell, 73 S. W. Rep., 974; International & G. N. Ry. Co. v. McVey, 81 S. W. Rep., 998; Texas & P. Ry. Co. v. Eberheart, 91 Texas, 321.

The charges given, taken together, very favorably to appellant present the assumption of risk. Texas & N. O. Ry. Co. v. Kelly, 34 Texas Civ. App., 21, 80 S. W. Rep., 79.

Knowledge of a defect in machinery does not cause the servant to assume the risk of dangers therefrom unless he knows of the danger, or, in the exercise of ordinary care, would have known thereof. Bonnet v. Railway, 89 Texas, 75; Missouri, K. & T. Ry. Co. v. Hannig, 91 Texas, 350; Galveston, H. & S. A. Ry. Co. v. Lempe, 59 Texas, 19; Galveston, H. & S. A. Ry. Co. v. Smith, 24 Texas Civ. App., 127, 57 S. W. Rep., 999; Missouri, K. & T. Ry. Co. v. Crum, 35 Texas Civ. App., 609, 81 S. W. Rep., 72; International & G. N. Ry. Co. v. Shaughnessy, 81 S. W. Rep., 1026; Southern P. Ry. Co. v. Winton, 27 Texas Civ. App., 503, 66 S. W. Rep., 482; Galveston, H. & S. A. Ry. Co. v. Hughes, 22 Texas Civ. App., 134, 54 S. W. Rep., 264; Galveston, H. & S. A. Ry. Co. v. Parrish, 40 S. W. Rep., 191; Missouri P. Ry. Co. v. Lehmberg, 75 Texas, 62; Davidson v. Cornell, 132 N. Y., 228; Bailey's Master's Liability, 182-186.

As the defect in the engine developed only after plaintiff was out upon the trip, he was not required to abandon the engine, and did not assume the risk of its continued use to complete that trip. Missouri, K. & T. Ry. Co. v. Williams, 28 Texas Civ. App., 615, 68 S. W. Rep., 805; Missouri, K. & T. Ry. Co. v. Follin, 29 Texas Civ. App., 512, 68 S. W. Rep., 812; Missouri, K. & T. Ry. Co. v. Milam, 20 Texas Civ. App., 688, 50 S. W. Rep., 417.

The company having ordered the use of the engine, after being affirmatively advised of its condition, the employe did not assume the risk of so doing unless the danger was apparent and manifest to him. Texas & N. O. Ry. Co. v. Kelly, 34 Texas Civ. App., 21, 80 S. W.

Rep., 82; Bering Mfg. Co. v. Femelat, 35 Texas Civ. App., 36, 79 S. W. Rep., 869; Harrison v. Railway, 79 Mich., 409; East Tennessee, V. & G. Ry. Co. v. Duffield (Tenn.), 47 Am. Rep., 319.

The evidence was sufficient to authorize the jury to find that the negligent act of appellant, in ordering and permitting the train pulled by the engine, with the loose main-pin and the -engine disconnected, produced or caused the accident.

KEY, Associate Justice.—This is a personal injury suit, resulting in a verdict and judgment for the plaintiff for $15,000, and the defendant has appealed.

No complaint is made as to the amount of the verdict, nor could it be successfully urged that it is not supported by testimony. The plaintiff was a brakeman on one of appellant's freight trains, and submitted testimony tending to show that on the occasion in question, while in the discharge of his duties as a brakeman, he was riding on an engine, and that what is called the main-pin of the engine became loose and insecure; that such condition became known to the defendant, or could have been known to it by the exercise of ordinary care; that, while in that condition, the defendant caused the engine to be used to pull a train of cars, and that its use in such manner was negligent, and, while being so used, one of the rods on the side of the engine, which was connected with the loose pin, broke loose, or slipped off at one end, flew around and demolished a portion of the engine and cab, thereby inflicting the injuries complained of, without fault on plaintiff's part. The verdict, finding for the plaintiff on those issues, is supported by testimony.

On the day the case was called for trial the plaintiff filed an amended original petition, and the defendant presented a motion for continuance upon the ground that the amended petition set up new cause of action, which the defendant was not then prepared to go to trial upon. The court overruled the motion, and that ruling is assigned as error. It would extend this opinion beyond reasonable limits to set out the two petitions. Suffice it to say that we have examined both, and have reached the conclusion that the latter merely amplified and rendered more specific the matters complained of in the former. Furthermore, the issues to which the trial was limited by the testimony, and the facilities which the record indicates were available to the defendant to enable it to fully present its defense, lead to the conclusion that no error was committed in refusing to grant the continuance. It was not a statutory application for a continuance, and presented a matter largely within the discretion of the trial court, and it is not made to appear that such discretion was abused. (Fisk v. Miller, 13 Texas, 225; Beham v. Ghio, 75 Texas, 89; Alamo F. Ins. Co. v. Shacklett, 26 S. W. Rep., 631; Texas C. Ry. Co. v. Williams, 26 S. W. Rep., 856.)

The second, third and fourth assignments are addressed to the action of the court in overruling objections to certain testimony. We think these rulings were correct, and overrule these assignments.

Under the sixth assignment of error, appellant submits a complaint against a special instruction given to the jury. However, the instruc-

tion referred to, as set out in appellant's brief, does not appear to be pertinent to the assignment of error. The assignment charges that the court erred "in giving, and not refusing, the special charge asked by the defendant," while the brief shows that the special charge criticised was asked by the plaintiff. We are of opinion that the assignment of error does not complain of the charge referred to in appellant's brief.

Numerous assignments are urged against the court's charge and the refusal of requested instructions. We find no positive error in the general charge of the court, and appellant had the benefit of eleven special instructions given at its request. We believe that the court's charge, so largely supplemented by the requested instructions referred to, presented the case to the jury quite as favorably for the appellant as it was entitled to demand.

No reversible error has been pointed out, and the judgment is affirmed.

*Affirmed.*

Writ of error refused.