JOHN GUFFEY v. JAMES W. MOSELEY.

Where the averment in the petition was that the defendant shot the plaintiff's mare, the exclusion by the Court of evidence under this averment, that a slave under the control and direction of defendant committed the act, if not error, operated such surprise on the plaintiff as to justify him in taking a nonsuit and to have authorized the Court to set it aside, it being too late to amend.

Error from Lamar. Tried below before Hon. W. S. Todd. Suit for damages for killing a mare.

The cause comes up upon the following bill of exceptions : " Be it remembered that on the trial of this cause the plaintiff introduced Joseph McCarly, a witness, by whom he proved that defendant, on or about the time stated in petition, came to his house and agreed with witness to go fire-hunting ; that witness took no gun, but that defendant Moseley left his gun at witness' house and took in its place witness' gun ; that they went on by one Corns, where Moseley insisted on a negro boy slave of J. T. Tinnin going with them ; that the slave at first refused, but at Moseley's persuasion at last consented; that they, witness, slave and Moseley went out to hunt, Moseley carrying the gun, and the slave the fire-pan ; that negro said he shined a pair of eyes ; that Moseley gave him the gun, and told him, the negro, to shoot, which he did, and plaintiff's mare was killed by the shot. Defendant moved to exclude from the jury all that portion of the evidence which went to show that any other person than defendant himself had shot the mare. The Court excluded the evidence, and plaintiff excepted," &c.

*Mills & Mills*, for plaintiff in error, cited 2 Greenleaf on Ev. (Sec. 621 ;) Easterling v. Blythe, (7 Tex. R. 210.)

*Dillahunty & Wright,* for defendant in error.

HEMPHILL, CH. J. Was the evidence, that the negro, under the control and direction of the defendant, shot the mare of the plaintiff, admissible in proof of the averment that the defendant himself shot the mare? We are of opinion that this question must be answered in the affirmative, or at least that the rejection of the proof operated such surprise on the plaintiff as to have justified him in taking a nonsuit, and to have authorized the Court to set the nonsuit aside. In 2 Greenleaf on Evidence, (Sec. 621,) it is said that the defendant will be chargeable in trespass, if it appear that the act was done by his direction or command, &c., referring to Gregory v. Piper, (9 B. & C. 591,) and other cases which fully sustain the rule as expressed by the author. In 1 Chitty Pleadings, 392, it is said in substance, that in action against a master for the negligence of his servant, the negligence may be stated according to its legal effect, viz : as that of the master, without noticing the servant; but as the object of pleading is to apprise the opposite party of the facts, it is more correct to state them truly, referring to 6 Term R. 659 ; 1 East. 110. In the case from the Term Reports, the Court admits the rule as deduced from former precedents, and that they were bound by the rule though it established a mode of pleading which was wanting both in convenience and correctness—one of the Judges saying that the use of a declaration was to inform the defendant of every thing plaintiff intended to prove ; and that the defendant is called upon to answer, &c.; that the defendant could not know that the action was brought against him for the acts of his servant, but that he was bound by the precedent, &c.

By the Statute, (Art. 671, Dig.,) the petition must set forth a full and clear statement of the cause of action, and the theory of our system of pleadings requires the parties to state the facts of their cases, and not legal conclusions deduced from these facts.

That is, the material, issuable, substantive facts should be stated, and not the legal effect of those facts on the one hand, or matters which are merely subsidiary or evidence of the facts on the other.

But to enforce this rule strictly, would frequently operate surprise and even defeat of substantial rights, which should not be permitted.

The evidence in this case was proof that the plaintiff had good cause of action ; and though the refusal of the proof offered might not and would not of itself have been ground of error, yet the plaintiff should have been allowed the privilege of amending, which, after trial commenced, could be secured in no other mode than that of suffering nonsuit with leave to have the nonsuit set aside. The cause of action was stated in the form recognized by precedents under the Common Law system of pleadings, and the plaintiff should not suffer the total loss of his rights on the ground that the facts of his case were not sufficiently or fully pleaded.

It is ordered that the judgment refusing the motion to set aside the nonsuit taken in the cause be reversed ; that the motion be sustained, and that the plaintiff have leave to amend as he may be advised ; and that the cause be remanded for a new trial.

Reversed and remanded.