WILLIAM R. COWAN, ADM'R. v. ROBERT E. ROSS.

It is competent for the District Court, on motion and after notice to the party concerned, to so amend the entry of its judgment rendered at a previous term, that the action of the court shall truly appear by the record; and if, at the time of the amendment, the cause be pending in the Supreme Court, and the error in the original judgment has been cured by the amendment, the Supreme Court, on the proper filing of a transcript of the amendatory proceedings of the court below, will affirm the judgment. (See Paschal's Dig., Art. 49, Note 241.)

Error from Caldwell. The case was tried before Hon. A. W. Terrell, one of the district judges.

The defendant in error, on the 21st of January, 1858, brought his suit against D. M. Porter, the intestate of the plaintiff in error, on a promissory note for $222. On the 29th of April, 1858, the defendant filed his answer of a general denial. At the fall term, 1858, judgment *by default* was entered against the defendant for $180, though no disposition of the defendant's answer appeared of record.

On the 2d of February, 1859, the defendant filed his petition and bond for a writ of error, on which citation in error accordingly issued on the same day.

On the 20th of October, 1859, Ross, the plaintiff below, filed his motion in the District Court to have the record of the judgment amended, *nunc pro tunc*, representing that when the cause was called for trial at the fall term, 1858, the defendant (Porter) withdrew his answer, and consented to a judgment for the sum as rendered; but that the clerk of the court, in making up the record, had omitted to make any entry of these facts. The motion further showed that Porter had died since the original judgment was rendered, and that W. R. Cowan had been appointed his administrator.

[It may be doubted whether the amendment was necessary to prevent reversal. If the defendant really made no defense, it might have been regarded as a judgment *nil dicit*, after appearance.—*Reporter*.]

Cowan, as administrator, accepted notice of the motion, and filed the following exceptions thereto:

"1. Because there are no papers of said cause on file by which the same may be corrected.

"2. Because said cause has been carried to the Supreme Court by the said D. M. Porter by writ of error, and said D. M. Porter procured two sureties to go upon his writ-of-error bond, to take the judgment as it now stands to the

Supreme Court, and said cause is now pending in the Supreme Court.

"3. Because said motion comes too late, the same not having been made at the next term of the court after the rendition of the judgment."

The motion came on to be heard at the same term, when the court overruled the exceptions and made its order, reciting that it appeared by the entries upon the court docket that the answer was withdrawn, as alleged in the motion, and directing that the judgment be amended accordingly, *nunc pro tunc,* and setting out the judgment as amended.   The administrator took his bill of exceptions.

In the transcript of the original proceedings no assignment of errors appears.   On the 18th of October, 1859, however, *scire facias* issued from the Supreme Court to Cowan, the administrator of Porter, to appear and prosecute the writ of error.   Cowan appeared and applied for a *certiorari* to the District Court, suggesting that Porter, his intestate, had died before the time for filing the assignment of errors had elapsed, and before the transcript of the record was demanded from the district clerk, and that he, Cowan, as administrator, had filed the assignment of errors with the district clerk immediately after the service of the *scire facias.*   The *certiorari* thus obtained brought up, it seems, not only the assignment of errors to the original judgment, but also the proceedings of the court below amending the original judgment, with errors also assigned by Cowan thereto.   The original assignment of errors was based on the rendition of judgment by default, notwithstanding the answer on file and that to the amendatory proceedings alleged the error of the court in sustaining the motion of the plaintiff below to have the original judgment amended.

No brief appears for the plaintiff in error.

*Chandler & Turner,* for the defendant in error.—This

cause was brought to this court by writ of error. After the same came here, the plaintiff in error, W. R. Cowan, administrator, appeared in this court, and moved the court for a *certiorari*, to bring up a more perfect record, which has been returned, and, by the amended return, it appears that the recital in the first judgment, that judgment went by default, was not correct, and the same has been corrected in the court below by order *nunc pro tunc*, and there is now no error in the record; and defendant in error suggests delay, and asks judgment accordingly.

Donley, J.—It was competent for the court, on motion and notice to the plaintiff in error, to amend the entry of a previous term of the court, so that the action of the court shall truly appear by the record. This is believed to have been settled in the case of Burnett v. The State, 14 Tex., 456. It is there said: "A record so amended stands as if it had never been defective, or as if the entries had been made at the proper term."

No error is perceived in the record as it now appears in this court, and the judgment is

AFFIRMED.