S. R. ADAMS AND WIFE v. JOSEPH HUFFMASTER ET AL.

FRAUD AND MISREPRESENTATION.—See allegations held sufficient in a petition to avoid a deed.

APPEAL from Kaufman.  Tried below before the Hon. John G. Scott.

This is a suit by Adams and wife, the object of which is to annul a deed of conveyance made by them to Huffmaster, July 11, 1870, on the ground that it was procured by fraud.  Originally the suit was brought by Adams alone. His wife afterward was joined with him.  The petition alleged that July —, 1870, appellants' son was arrested for the alleged theft of an ox, and by examining court bound over in a bond of $800.  Huffmaster was the attorney of young Adams on the occasion, employed by appellant, Adams, and together with him, became bail for his client.

It is charged in the original petition that Huffmaster, taking advantage of his relation to Adams and wife as attorney, by false and deceitful representations and devices, worked upon their fears and thereby induced them to make the deed in question; that by false and deceitful representations and devices he induced them to believe that the said deed was only a security to him for whatever loss he might sustain by reason of his becoming bail for young Adams, while in fact it was an absolute deed conveying the fee; that by his false and deceitful representations and artful devices he induced them to make a deed for one hundred and sixty acres of land, the same being their homestead, including their dwelling-houses and all of their improvements and all their land, when, in truth, they intended and believed that they were only making a deed as a security as aforesaid for one hundred acres, not to include their home and improvements; that Huffmaster wrote the deed; that Adams and wife are illiterate, and could not read it; that he falsely and fraudulently read it

over to them so that they did not know the character of
the deed until advised, by their counsel; that when Huff-
master had gotten the deed, he began to hold himself out
as the absolute owner of the land, and at the time of insti-
tution of suit, November 14, 1870, was trying to sell the
same.   It was also charged that the said deed grew out of
a transaction, as relates to Huffmaster, contrary to public·
policy; that the land was worth $2,000 specie at the date
of the deed; that the consideration was grossly inade-
quate; that the land was their homestead; that Manion,
the purchaser, knew the facts, and was law partner of
Huffmaster.

October term, 1872, a trial was had, and upon special
issues submitted, the jury found that the defendant pro-
cured the deed by fraud; that the deed was for 160 acres;
and the invalidity of Manion's purchase.

A new trial was granted, and plaintiffs amended, set-
ting out carefully in detail the facts constituting the al-
leged fraud, &c.

February 3, 1873, a general demurrer was filed by de-
fendant, and which being sustained judgment was ren-
dered for defendants, from which Adams and wife ap-
pealed.

*J. J. Hill*, for appellants.

No brief for appellees.

MOORE, ASSOCIATE JUSTICE.— The only question pre-
sented for our consideration in this case is, Did the court
err in sustaining a general demurrer to the original and
amended petitions?   And to this question we are clearly
of opinion an affirmative answer only can be made.   In-
deed we are somewhat at a loss to perceive upon what
view of the case the court based its judgment.

·  The object of the suit was to annul and cancel a deed
executed by Adams and wife to Huffmaster, which pur-

ports to be an absolute deed of conveyance, (as they allege, of their homestead,) and if it cannot be annulled, then that it be held to be a mortgage, but not subject to foreclosure while the land remained their homestead, and that it be corrected, so as to include only that part of the land described for which, according to the intention of the parties at the time it was executed, it was to have been given. The grounds upon which the plaintiffs claim the relief prayed for are fraud, misrepresentation, and deceit practised upon them by Huffmaster, whereby they were induced to execute the deed, the particulars whereof are fully and specifically alleged and set forth in their original and amended petitions; that the deed, though absolute in form, was in fact understood and intended by the parties at the time it was executed as a mortgage in favor of the grantee; mutual mistake as to the quantity of land included in the deed; want of consideration for the conveyance; ignorance of the grantors as to its legal effect and of quantity of land inclosed in it; undue influence exerted over them by Huffmaster through his professional relationship; failure of Huffmaster to comply with the terms and stipulations of the agreement on his part, in considertion of which they were induced to execute the deed; and that the intervenor purchased the land as Huffmaster's property, with a full knowledge of all the facts, after the commencement of this suit, and without the payment of any reasonable or adequate consideration.

It would be an unprofitable consumption of time to cull from the petition and amended petitions the averments from which we deduce the foregoing summary of the grounds upon which the plaintiffs claim the relief they ask, or to comment upon them to show, if true, that they are sufficient to entitle the plaintiffs to the interposition and protection of the court. Plaintiffs' grounds of action are presented elaborately and fully, and at the same time with more than ordinary force and perspicuity; and upon

2

more than one of them, if supported by evidence, a judgment in their favor would be fully warranted.

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.