## COLT *v.* LAWRENCEBURG LUMBER COMPANY ET AL.

[No. 6,705.   Filed June 10, 1909.]

1. PLEADING.— *Complaint.*—*Principal and Agent.*— *Execution of Contracts.*—An allegation, in a complaint, that defendant executed the contract sued upon, and an allegation that her agent executed it on her behalf, are legally equivalent. p. 124.

2. PLEADING.— *Complaint.*— *Answer.*— *Reply.*— *Surplusage.*—*Principal and Agent.*—Where a complaint alleged that defendant executed the contract sued upon, defendant's answer that she did not, that her husband executed it, and that in so doing he was not her agent, and the reply alleging that such husband was her agent in so doing, though legally sufficient on demurrer, are surplusage, all of the facts being admissible under the general denial. p. 124.

3. MECHANICS' LIENS.—*Evidence.*—*Husband and Wife.*—*Principal and Agent.*—Where a husband, with his wife's knowledge and permission, purchased lumber to construct a greenhouse on her land, and she denied any agency on the part of the husband, but there was evidence of declarations made by her that she was constructing it, the trial court's finding that her property was subject to a mechanic's lien therefor, will not be disturbed on appeal. p. 125.

4. PRINCIPAL AND AGENT.— *Undisclosed Principal.*— *Liability.*— A principal who is undisclosed at the time of the execution of a contract is liable thereon nevertheless. p. 125.

From Dearborn Circuit Court; *George E. Downey,* Judge.

Suit by the Lawrenceburg Lumber Company against Carrie G. Colt and another. From a decree against said Carrie G. Colt, she appeals. *Affirmed.*

*Givan & Givan,* for appellant.

*Estal G. Bielby,* for appellee Lawrenceburg Lumber Company.

RABB, J.—This action was brought by the appellee lumber company against the appellant and the appellee executrix of the last will of Robert H. Colt, deceased, on an account for material furnished and labor performed by said company for defendants in the construction of a greenhouse on appellant's premises, and to foreclose a mechanic's lien on said house and premises. The appellant filed a separate answer in two paragraphs, to which appellee lumber company filed a reply in two paragraphs. Appellant's demurrer to the second paragraph of appellee lumber company's reply to the second paragraph of her separate answer was overruled, and exception reserved, and the cause submitted to the court for trial. There was a finding in favor of appellee company. Appellant's motion for a new trial was overruled and judgment was rendered on the finding against appellant for the amount of the claim sued on, and a foreclosure of the mechanic's lien on the house and premises. The errors relied on for a reversal are the overruling of appellant's demurrer to the second paragraph of appellee lumber company's reply to the second paragraph of her answer, and her motion for a new trial.

The complaint averred that the appellee lumber company sold, furnished and delivered to appellant, at her request and instance, certain materials, and performed certain labor; that the same were used in the construction of a greenhouse on the lands of appellant, and that appellee company gave due notice of its intention to hold a lien on the premises.

The first paragraph of appellant's separate answer was a general denial. The second averred that appellant was the wife of Robert H. Colt; that appellee lumber company sold the material and did the work under contract with her husband for the same, and that she in noway authorized her husband to purchase the material or do the work. The second paragraph of reply to this paragraph of answer averred that appellant's husband was her general agent, and that by her direction, and with her knowledge and consent, he built the greenhouse in question on her lands. It is claimed by the appellant that this paragraph of reply is a departure from the theory of the complaint; that the complaint proceeds upon the theory that the contract for the material was made with the appellant personally, while the reply is upon the theory that the contract was made with the husband as agent of appellant.

1. There is no difference in law between a charge that a contract was made directly with a party, and a charge that it is made with his agent. What is done by one's agent, duly authorized, is done by him.

2. Both the second paragraph of appellant's answer and the second paragraph of the reply thereto were surplusage. All the facts could as well have been proved under the general denial to the complaint. But no error intervened in overruling the demurrer to the reply. While unnecessary, it stated facts sufficient to constitute a good reply to appellant's answer.

It is earnestly insisted by appellant that the evidence fails to support the finding. The evidence shows that the

material in question was sold by the lumber company to appellant's husband, and that it was charged to him on the books of said company. It does not appear that the material was sold on the credit either of appellant or her property, nor is it contended that any representation was made, either by the appellant or her husband, that the husband was acting for the wife in the purchase of the material. The case turns upon the question whether the husband was in fact transacting the business of erecting the greenhouse, for which the material was furnished, as the agent of his wife. If he was, then the appellant was personally liable, and her property was subject to the lien, whether appellee lumber company knew of the agency at the time the transaction took place, and relied upon it in making the sale or not. If he was not such agent, then clearly neither the appellant nor her property would be chargeable with said appellee's claim for the material sold to the husband.

The appellant testified that the building of the greenhouse was the separate enterprise of her husband; that while she consented to his building the same on her ground, she refused to be at any expense connected with it.

Evidence was introduced of declarations made by the appellant that tended to contradict her statement with reference to the authority she gave to her husband to construct the greenhouse, one witness testifying that Mrs. Colt had said that Mr. Colt had estimated that the greenhouse would cost them $700 or $800, and that she had agreed to spend that much money, if it did not cost more than that; that she did not see it until it was nearly completed, or well under way; that when driving to Elizabethtown with another lady, one day, she saw it, and she said she thought it looked rather large for that amount of money. There was other evidence introduced from which the court might well have found that the appellant's husband was her agent in the transaction of

all the business connected with the improvement of her property. We cannot disturb the finding of the court under the evidence. *Jones* v. *Pothast* (1880), 72 Ind. 158; *Thompson* v. *Shepard* (1882), 85 Ind. 352; *Cannon* v. *Helfrick* (1884), 99 Ind. 164; *Lengelsen* v. *McGregor* (1904), 162 Ind. 258; *Williamson* v. *Shank* (1908) 41 Ind. App. 513.

The judgment of the court below is affirmed.