ORIENT LAND CO. v. REEDER. (No. 8071.)

(Court of Civil Appeals of Texas. Ft. Worth. Jan. 9, 1915. On Motion for Rehearing, Feb. 20, 1915.)

1. CANCELLATION OF INSTRUMENTS  43—VARIANCE—FRAUDULENT REPRESENTATIONS.

Where the petition, in an action to cancel a deed for fraudulent representations, alleged that the representations were made by a particular agent of defendant, plaintiff's evidence that the representations were made by another agent was at variance with the allegations and inadmissible.

[Ed. Note.—For other cases, see Cancellation of Instruments, Cent. Dig. §§ 96–99; Dec. Dig. 43.]

2. APPEAL AND ERROR  1054—ADMISSION OF INCOMPETENT EVIDENCE—PREJUDICIAL ERROR.

The admission of incompetent evidence required a reversal, where it appeared that the court's findings were based thereon, and there was not sufficient competent evidence to support necessary findings.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4185, 4186; Dec. Dig. 1054.]

3. EVIDENCE  135—MISREPRESENTATIONS — SIMILAR STATEMENTS.

In a suit to set aside a deed for fraudulent representations, made by defendant's agent to plaintiff, relative to the location of railroad machine shops, the testimony of a witness as to statements made to him by such agent, not in the presence of plaintiff and not communicated by him to her, relative to the location of the machine shops, was inadmissible.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 392, 394, 404, 405; Dec. Dig. 135.]

4. CANCELLATION OF INSTRUMENTS  47—EVIDENCE—VARIANCE.

Where, in an action to cancel a deed for misrepresentations made by a particular agent of defendant, the evidence was that the representations were made by another, thus creating a variance between the pleading and proof, and there was evidence that such other person was in fact defendant's agent, the court was not required to render judgment for defendant.

[Ed. Note.—For other cases, see Cancellation of Instruments, Cent. Dig. §§ 102, 103; Dec. Dig. 47.]

On Motion for Rehearing.

5. CANCELLATION OF INSTRUMENTS  43 — PLEADING AND PROOF—VARIANCE.

In an action to cancel a deed as procured by fraudulent representations, only such representations can be proven as are specifically alleged.

[Ed. Note.—For other cases, see Cancellation of Instruments, Cent. Dig. §§ 96–99; Dec. Dig. 43.]

Appeal from District Court, Knox County; J. A. P. Dickson, Judge.

Suit by Mrs. M. A. Reeder against the Orient Land Company. From judgment for plaintiff, defendant appeals. Reversed and remanded.

D. J. Brookreson, of Benjamin, for appellant. Jas. A. Stephens, of Benjamin, and Ocie Speer, of Ft. Worth, for appellee.

BUCK, J. This was a suit by appellee against appellant, filed May 23, 1912, praying for cancellation of a certain deed executed by her to appellant, dated June 17, 1905, conveying 37½ acres of land, in Knox county; the consideration recited being "$100 cash and other valuable consideration." She alleged that said conveyance was procured through certain false and fraudulent representations made by one R. L. McCaulley, alleged to have been the duly authorized agent of appellant, which was a copartnership composed of seven named parties. She alleged, in substance: That said McCaulley, as such agent of appellant, had represented to her that, if she would execute said deed, the appellants would cause to be erected in the town of Knox City, the warehouses and shops of the Kansas City, Mexico & Orient Railway Company, of which railway company McCaulley was alleged to be the vice president, and would select, for such purposes, the ground upon which said roundhouses and shops would be built. That no consideration other than said promise was paid appellee, and that she relied on such representations, and that said conveyance was obtained by fraud. She further alleged: That said railway company did not locate said roundhouses and shops at Knox City. That it did not permanently locate the same until January, 1912, when it located them at San Angelo, and therefore she did not discover the fraudulent character of said representations alleged to have been made by McCaulley, as the agent of appellant, until said date. She alleged that in case she was mistaken in her allegations of fraud, and that if in fact it was the intention and purpose of appellants, in securing said land, to locate said railway improvements at Knox City, then, in view of the fact that nothing had been done in pursuance of said purpose, no money had been expended to such end, and, in view of the fact that said railway company was insolvent, that the consideration for the conveyance of said land had totally failed; and hence she prayed that said deed be canceled.

Appellant answered by general demurrer, and by specially interposing the two and four years' statutes of limitations, and specially pleaded that if any such promises and representations were made by McCaulley, which appellant denied, they were unauthorized and not within the apparent scope of his authority, and such that no ordinarily prudent person would have relied on. It further denied that it had any connection with or

control over the said Kansas City, Mexico & Orient Railway Company.

For the purpose of the disposition of this appeal, sufficient pleadings have been given hereinabove.

[1] In its first assignment, appellant complains of the admission of the testimony of appellee, in which she states that one R. D. Goree told her that, if she would execute the deed to the land in controversy to appellant, they would get the roundhouses and shops, and, if she did not, Carney (another town) would.

Mrs. Reeder testified that she never had any conversation with Mr. McCaulley about the matter, and that, in executing the deed to the land in controversy, she relied on the statements made to her by Goree.

We think this evidence was inadmissible, under the pleadings of plaintiff. She having alleged that the representations were made to her by McCaulley, it constituted a variance between the allegata and probata to show that said representations so relied on were made by some other person.

"The object of pleading is to apprise the court and the opposite party of the facts upon which the pleader intends to rely as constituting his cause of action or ground of defense before the trial is commenced, in order that each party may prepare himself in time with his evidence for the contest, and neither can be held legally bound to answer grounds not averred in the pleadings." Mims v. Mitchell, 1 Tex. 443.

Also might be cited Moore v. Kennedy, 81 Tex. 144, 16 S. W. 740, Lemmon v. Hanley, 28 Tex. 227, and numerous cases cited in Michie's Digest, Texas Civil Cases, vol. 13, p. 1168.

[2] While it is true that, where incompetent evidence has been admitted, a reversal will not be required unless injury is shown, and especially is this so where the cause has been tried by the court without a jury, but, in order to render the admission of such evidence harmless error, it must appear that there was competent evidence sufficient to authorize the rendition of the judgment. Beham v. Ghio, 75 Tex. 90, 12 S. W. 996; Melton v. Cobb, 21 Tex. 543; 1 Greenleaf on Evidence, § 49. But we are of the opinion from a careful consideration of the statement of facts and of the findings of fact, filed by the· trial court, that such findings must have been based in part upon evidence which was clearly incompetent, and that there is not competent evidence in the record sufficient to support some of the necessary findings.

The court finds that R. D. Goree was also the agent of the Orient Land Company, and that in making the representations to Mrs. Reeder, alleged to be fraudulent, said R. L. McCaulley was "acting through and together with R. D. Goree." There is no evidence in the record, so far as we have been able to discover, to sustain such a finding; and, since it appears from such finding that the court admitted the evidence complained of

on the theory that, in making the alleged representations to Mrs. Reeder, said Goree was acting as the agent of the Orient Land Company, and presumably of said McCaulley (i. e., the agent of the agent), the injurious character of such evidence becomes more apparent.

Therefore we think that this assignment must be sustained, and likewise the second and third assignments, which involve the same question.

[3] The fourth assignment complains of the action of the court in admitting the testimony of the witness W. M. Sandifer, and in considering the same in determining the issues, wherein said Sandifer testified to certain statements of said McCaulley, not made in the presence of appellee, and which he (Sandifer) did not communicate to her, the substance of which was that, if the citizens of Knox City would give appellant some additional land, the Orient Railroad would locate the shops and roundhouses in Knox City. This evidence was clearly inadmissible, in the absence of ·any testimony that the same was communicated to appellee, and we find none in the record. Therefore the fourth assignment must be sustained. The fifth, sixth, and seventh assignments must be sustained for the same reason.

Appellant's assignments 8 to 13 attack the court's findings of fact, which assignments it is not necessary to discuss, inasmuch as the errors complained of, if any, will not likely occur on another trial.

[4] Further assignments complain of the action of the court in the rendition of the judgment; and in the seventeenth assignment it is urged that the trial court erred in not rendering judgment for appellant, and this court is asked to reverse the judgment of the court below, and render judgment for appellant, on the ground that, as claimed, appellee has failed to show fraud, and at most only a breach of a covenant, but this request we do not feel it is our duty to grant. If R. D. Goree was in fact the agent of the appellant, as found by the court, and as there is some evidence tending to show, then in another trial, with amended pleadings, the testimony of Mrs. Reeder as to statements made to her by him, which she claims induced her to execute the deed, would become admissible and material, and we feel that justice, perhaps, would not be done by our rendering judgment herein.

For the reasons given, the judgment of the trial court is hereby reversed, and the cause remanded.

## On Motion for Rehearing.

Counsel for appellee urgently but courteously insists that this court erred in its original opinion as to the disposition of the case and the conclusions therein reached. It is claimed: First, that this court erred in sustaining the group of assignments alleging er-

ror because of the admission of certain testimony which was held to constitute a variance between the pleadings and proof. We are cited to the language used by the Indiana Appellate Court in Colt v. Lawrenceburg Lbr. Co., 44 Ind. App. 122, 88 N. E. 720, as follows:

"There is no difference in law between a charge that a contract was made directly with a party and a charge that it is made with his agent"

—as sustaining appellee's contention that the testimony of Mrs. Reeder, as to representations claimed to have been made to her by R. D. Goree, was admissible under the allegations in the petition that the representations on behalf of defendant company, alleged to be false and fraudulent, were made by R. L. McCaulley. In the first place, the proposition enunciated by the Indiana court is perhaps too broad as an accurate and yet comprehensive statement of the principle of law involved, and must be understood with reference to the particular state of facts involved in that case. It was a suit on a contract against a married woman for material and labor alleged to have been furnished her for the construction of a greenhouse on her premises. She answered by a general denial, and by the further allegation that the labor and material was furnished her husband, who was not authorized by her to contract for same. Plaintiffs, in supplemental pleading, alleged that defendant's husband was her agent, and therefore she was bound by his contracts undertaken with her knowledge and consent and, as it appeared, for her benefit. Defendant urged that this supplemental pleading constituted a departure or variance from the allegation in the original petition. In overruling this objection the court used the language quoted. In the sense and connection used, it was a correct, apt enunciation of the law.

[5] In the instant case, plaintiff nowhere alleged fraud or misrepresentations, except as involved in and constituted by the alleged misrepresentations of McCaulley. No general allegation of fraud or misrepresentations by defendant was made. Acts or conduct relied upon as constituting fraud must be specifically averred. Austin v. Talk, 20 Tex. 165; Hendrix v. Nunn, 46 Tex. 141, 149; Baines v. Mensing Bros. & Co., 75 Tex. 200, 12 S. W. 984. Facts and circumstances must be set forth to show the alleged fraud or mistake entitling plaintiff to equitable relief. Daughtrey v. Knolle, 44 Tex. 450–455; Adams v. Huffmaster, 42 Tex. 15, and cases cited supra. Where a plaintiff seeks the cancellation of a conveyance as induced by certain false and fraudulent representations made by defendants, only such representations and promises as are alleged and relied on can be considered by the jury. Touchstone v. Staggs, 39 S. W. 189.

It is true that, where there is no question of the agency of a person and his authority to act for the defendant, proof of the acts of such person within the scope of his agency supports an allegation that the acts were those of the defendant. Baldwin v. Polti, 45 Tex. Civ. App. 638, 101 S. W. 543. In the last-cited case the evidence as to the acts of the agent were admitted without objection, but the alleged variance arose upon the charge of the court and the allegation in the petition. But where the plaintiff does allege the name of the agent, whose words or conduct are relied upon to bind defendant, and especially so in a suit based upon alleged fraud and deceit, and predicates his entire case upon this allegation of agency, it seems to us, under the authorities, he is precluded from introducing testimony of the statements or acts of another, sought to be shown as agent of defendant. Peyton et al. v. Cook, 32 S. W. 781; Lewis v. Hatton, 86 Tex. 533, 26 S. W. 50; Guffey v. Moseley, 21 Tex. 408.

In the case of Peyton v. Cook, supra, the Court of Civil Appeals of the Fifth District of Texas, speaking through Justice Rainey, and in referring to the case of Lewis v. Hatton supra, says:

"Whatever may have been the decisions of this court heretofore on this point, the case above cited, in our opinion, fully settles the doctrine that where a wrong is done by an agent, although the principal may be liable therefor, yet, in order to admit proof as against him, it must be alleged that the act was done by his agent. The mere allegation that the act was done by the principal is not sufficient to warrant a recovery if the wrong was done by the agent."

In the case of Stevenson v. Cauble, 55 Tex. Civ. App. 75, 118 S. W. 811, this court, speaking through Justice Dunklin, and quoting from the syllabus, held:

"Where a vendor sought cancellation of the contract for false representations as to the location of the land, alleged to have been made by the vendor, evidence that the representations were in fact made by the vendor's agent constituted a variance"—citing, in addition to the authorities already cited in this opinion, Arndt v. Boyd, 48 S. W. 771.

If, then, the evidence of an act done by an agent constitutes a variance, when such act is alleged to have been done by the principal, a fortiori, the allegation that the act was done by one agent and the proof that it was done by another, would constitute a variance between the allegata and probata. Variance, as used in this connection, means a material difference—one that would probably surprise and mislead the adverse party. It seems to us that the case at bar affords rather an extreme instance of the application of this principle, one in which the court would be justified in indulging in the presumption that the defendant, in the court below, was injuriously affected. Plaintiff had pleaded the fraudulent representations upon which she relied for cancellation of the deed to have been made by R. L. McCaulley, a nonresident, whose deposition had been taken, and therefore what his testimony would be was known to both parties when they announced for trial. He had denied making

the representations alleged, other than those contained in the written contracts. Upon the trial, the appellee, in order to establish her case, resorts to proof of alleged misrepresentations made by another, one who, according to her own testimony, was her confidential man, and one who had, immediately before she testified, been introduced by her as a witness in her behalf; she thus vouching for his credibility and truthfulness. To support the judgment, the trial court found it necessary to find, or at least did find, that said Goree, appellee's own agent and witness, was the representative and agent of the appellant, and that McCaulley, as the agent of appellant, in making the misrepresentations acted through and together with said Goree. Consequently we feel that we must adhere to our conclusions reached in the original opinion in sustaining the first group of assignments. As our former holding must be adhered to, we do not feel that any useful purpose would be subserved by a further discussion of the argument advanced by appellee in her motion for rehearing.

Motion for rehearing is overruled.