## WILLIAMS v. CASNER MOTOR CO.
### (No. 1815.)

(Court of Civil Appeals of Texas. El Paso. Nov. 19, 1925. Rehearing Denied Jan. 21, 1926.)

**1. Sunday ⬤⟳11—Sale on Sunday of automobile, between parties not engaged in selling automobiles, held valid.**

Sale on Sunday of automobile, between parties not shown to be engaged in selling automobiles, *held* valid within Pen. Code 1911, arts. 302, 303.

**2. Automobiles ⬤⟳19 — Buyer has burden of showing sale complying with statute.**

Defendant company, claiming the ownership of secondhand automobile through an alleged sale to it by plaintiff, has the burden of showing valid sale to it complying with Pen. Code 1925, art. 1435.

**3. Automobiles ⬤⟳19—Buyer failing to show bill of sale not entitled to recover for detention.**

Defendant company, claiming the ownership of a secondhand car replevied by plaintiff, based on an alleged sale to it of the car, but failing to sustain the burden of showing a sale to it which complied with Pen. Code 1925, art. 1435, requiring seller of secondhand motor vehicle to deliver to the buyer a bill of sale in duplicate, *held* not entitled to judgment for value of car.

Appeal from Brewster County Court; Jas. A. Burke, Judge.

Action by R. C. Williams against the Casner Motor Company. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

W. Van Sickle, of Alpine, and Harper & Howard, of El Paso, for appellant.

John Perkins, of Alpine, for appellee.

PELPHREY, C. J. This case was instituted in the county court of Brewster county by appellant, R. C. Williams, against the Casner Motor Company, a firm or copartnership, composed of J. E. Casner, N. L. Casner, R. S. Casner, and Stanley Casner.

Appellant alleged that he was the owner of a certain Hudson coach automobile; that said automobile was wrecked in an accident, and, by his request, was taken to the garage of appellee; that appellant, desiring possession of the same, demanded possession and offered to pay reasonable garage charges for storage; that appellee failed and refused to deliver same, to appellant's damage in the sum of $500, and prayed judgment for the car and damages for its wrongful detention.

Appellee specially answered by way of cross-action that on March 22, 1925, the parties entered into an oral agreement whereby the appellee agreed to sell appellant a new Hudson coach and a spare tire, and in payment therefor agreed to accept from appel-

lant the wrecked Hudson coach automobile and $1,400 in cash; that the value agreed upon on the old Hudson coach was $232.50; that appellant refused to accept the new Hudson coach automobile, as he had agreed to do; and that the commission that would accrue to the appellee on the sale of the new Hudson coach was $269.

Appellee prayed for judgment for possession and ownership of appellant's wrecked car and the additional sum of $36.50, and, in the alternative, in case appellee be denied the ownership of the wrecked car, for judgment for the commission, to wit, $296.

Appellant denied the execution of the contract, and specially pleaded in answer to the cross-action, that the contract of sale, if any, was entered into on Sunday, and prohibited by articles 302 and 303, of the Penal Code (1911) of Texas, and therefore void and unenforceable.

Appellant, at the institution of the suit, made affidavit for a writ of sequestration, and the sheriff of Brewster county took possession of the wrecked Hudson coach, which was later replevied by appellant, giving bond as required by law with H. L. Hord and J. S. Hord, as sureties.

The cause was submitted on the following two special issues: (1) Did the parties enter into the contract as alleged by the defendant in its answer and cross-action? (2) Was such contract, if any, made on Sunday? The jury answered both issues in the affirmative.

Upon these findings, the court entered its judgment for the appellee, that appellant take nothing, and that appellee recover of and from the appellant and H. L. Hord and J. S. Hord, sureties on the replevy bond, $232.50, the value of the wrecked car and against appellant the further sum of $36.50 and costs; that, if the wrecked car be delivered to appellee, then the judgment rendered for its value should by such delivery be discharged.

[1] In his first and third assignments of error, appellant complains of the action of the court in refusing to enter judgment in his favor because, the jury having found that the contract alleged by appellee in his answer and cross-action was entered into on Sunday, under the law was incapable of enforcement. At common law, contracts made on Sunday were valid, and in this state have been held to be valid when not made in the course of a business prohibited on that day by statutory enactment. Beham et al. v. Ghio et al., 75 Tex. 87, 12 S. W. 996; Schneider v. Sansom et al., 62 Tex. 201, 50 Am. Rep. 521.

There being no pleading or evidence in this record to show that either of the parties was engaged in the business of selling automobiles or were dealers therein, we are of the opinion that the contract was a valid contract

in so far as the question of its being entered into on Sunday is concerned.

We have examined the other assignments, and are of the opinion that they present no error.

[2, 3] We find, from an examination of the record, however, that there is no evidence showing a compliance with the provisions of article 1435, Revised Criminal Statutes 1925 (Penal Code), requiring the vendor of a secondhand motor vehicle to deliver to the purchaser a bill of sale in duplicate. The appellee claiming ownership in the wrecked car had the burden of showing a·valid sale of the car to it. This, we think, he failed to do, and are of the opinion that the court erred in rendering judgment in favor of appellee for the car or its value. Fulwiler Motor Co. v. Walker (Tex. Civ. App.) 261 S. W. 147; Foster v. Beall (Tex. Civ. App.) 242 S. W. 1117.

The judgment is reversed, and the cause remanded.

Reversed and remanded.