

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

August 28, 1961

Honorable B. Truman Ratliff  Opinion No. WW-1124
County Attorney
Delta County  Re: Whether the County Clerk
Cooper, Texas  has authority to correct
the misspelling of the
name of one of the parties
to a marriage license, sub-
sequent to the recordation
thereof and related
Dear Mr. Ratliff:  questions.

You request an opinion on questions listed as follows:

> (1) If the marriage records of a county
> misspell the name of one of the par-
> ties, may the County Clerk several
> years later correct same, and if so
> what procedure would he follow.
>
>> (a) If the original marriage
>> license is not available,
>> would the answer be the
>> same.
>
> (2) If for some reason marriage records
> do not show the issuance and return
> of the license, is there any way a
> County Clerk can issue and record
> such a license based on affidavits.

1) We find no statutory provision that expressly authorizes a County Clerk to correct a misspelling of the name of one of the parties as it appears on the marriage records of the county. Altering records without authority of law is a criminal offense under Article 1002, Vernon's Penal Code. However, the Court in the case of Holmes v. Yates, 122 Tex. 428, 61 S.W.2d 771 (1933) held that an officer may correct mistakes in his official records upon proper show-ings. A record which is properly amended stands as though it

had never been defective. <u>Cowan v. Ross</u>, 28 Tex. 227 (1896).

The issue as to what would constitute a proper showing in this instance has not been resolved in the statutes or cases studied. Nevertheless, it is our opinion that a mere clerical error such as a defect of spelling occurring in the marriage records could be corrected on the basis of the recitals appearing in the original marriage license.

a) It is our opinion that the County Clerk, in the absence of the original marriage license, cannot change the spelling of the name of one of the parties as it appears in the marriage records of the County. There is no statutory authority which would permit a County Clerk to alter or establish a marriage record where the original is lost, destroyed, or otherwise unavailable.

2) The only statutory provisions authorizing the issuing and recording of marriage licenses are Articles 4604, 4604c, 4604d and 4606 of Vernon's Civil Statutes. All these Articles contemplate a marriage license being issued prior to a ceremonial marriage and only by first satisfying certain legal requirements. No where in these provisions is there any authority for the issuance and recordation of marriage licenses subsequent to marriage on the basis of affidavits. The Legislature has provided a procedure whereby a delayed birth certificate can be issued and recorded on the basis of affidavits, Rule 51a, Article 4477, Vernon's Civil Statutes, but as yet the Legislature has not seen fit to provide such a procedure by which marriage licenses may be issued or recorded.

S U M M A R Y

A County Clerk may correct the misspelling of the name of one of the parties as it appears in the marriage records if the correct spelling of the name of the individual concerned can be established by making reference to the original license. However, if the license is unavailable, the Clerk is not authorized to make such a change in the marriage records. Also where there is no record of the issuance and return of a

marriage license, a County Clerk is not authorized to issue and record such a license based on affidavits.

Yours very truly,

WILL WILSON
Attorney General of Texas

By *I. Raymond Williams Jr*

I. Raymond Williams, Jr.
Assistant

IRWjr:mm

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Pat Bailey
Dudley D. McCalla
Jack N. Price

REVIEWED FOR THE ATTORNEY GENERAL

BY: Howard W. Mays