### W. B. Buchanan v. W. D. Burnett et ux.

Decided October 24, 1908.

**1.—Vendor and Vendee—Title—Fraudulent Representation—Rescission.**

An unqualified declaration of ownership of land and of title thereto is an affirmation of fact as distinguished from an expression of opinion although it may involve an opinion as to the legal sufficiency of the evidences of such title; and such declaration constitutes such legal fraud in case the title proved invalid as will authorize a court of equity to rescind the contract and decree a return of the purchase money paid, when it is shown that the vendee had a right to rely and did rely on said declaration and was induced thereby to make the purchase and pay the money, and it is immaterial whether such declaration was made with or without knowledge of its falsity; nor does the fact that the vendee accepted a deed with covenants of warranty, deprive him of his remedy of rescission.

**2.—Same—Investigation of Title by Vendee.**

The fact that the vendee made a partial investigation of the title to the

land before purchasing the same, will not affect his right to a rescission if he was in fact induced to purchase by the false representations of the vendor as to the validity of his title.

**3.—Same—Title—Expression of Opinion.**

The representation by a vendor as to the validity of his title, even though only the expression of an opinion, is not always harmless; such representation may lull suspicion or cause an imperfect examination of the title by the vendee. In order to obtain a rescission of a contract of sale it is not necessary that the vendee should rely solely on the false representations of the vendor as to the title. It is sufficient if he accepted the representations as true and was induced thereby to make the purchase, and the fact that the vendee's belief in said representations was strengthened by other things or the statements of other parties, is immaterial.

Appeal from the District Court of Comanche County. Tried below before the Hon. W. R. Lindsey.

*Geo. E. Smith,* for appellants.—Where representations are made to a party, and he has the means at hand of ascertaining the truth or falsity of such representations, and actually makes an investigation from the data in hand, with a view of ascertaining the truth, he can not recover, although such representations were untrue. Hawkins v. Wells, 17 Texas Civ. App., 360; 14 Am. & Eng. Ency. of Law, p. 110b and p. 115 (2), and vol. 29, pp. 660-662; Warner v. Munsheimer, 2 Texas Ct. App., sec. 394; Farar v. Churchill, 135 U. S., 609; Anderson v. McPike, 86 Mo., 293; Spence v. Duren, 3 Ala., 251.

The expression of an opinion, made in good faith, does not constitute legal fraud, even though such opinion be misleading and erroneous. Hawkins v. Wells, 17 Texas Civ. App., 360; Walton v. Reager, 20 Texas, 109-110; Allen v. Little, 56 Texas, 139-140.

Where representations are made concerning the subject matter of the contract, and the party to whom such representations are addressed undertook to verify for himself such representations by resorting to the source of information which reveals the truth or falsity of the representations so made, he can not be heard to say that he was misled by such representations, though they are untrue. Hawkins v. Wells, 17 Texas Civ. App., 360; Cresap v. Manor, 63 Texas, 488; Jackson v. Stockbridge, 29 Texas, 399-401; 29 Am. & Eng. Ency. of Law, pp. 660-662; Warner v. Munsheimer, 2 Texas Ct. App., sec. 394.

The purchaser's means of knowledge as to the title to real estate being equal to that of the vendor, and having availed himself thereof by making an investigation, there is no fraud, even though he may have relied on the vendor's representations. Hawkins v. Wells, 17 Texas Civ. App., 360.

*Goodson & Goodson,* for appellees.—Wherever a party makes representations to induce another one to enter into a contract, and the representations are material to the matter in hand, and the contract is induced thereby under a belief and reliance upon the truth thereof, then it makes no difference whether the party making them did not know at the time whether they were true or not, and, though believed at the time to be true, the innocent belief would not be a defense. Mitchell v. Zimmerman, 4 Texas, 80; Wintz v. Morrison, 17 Texas, 383; Henderson v. San An-

tonio & M. G. Ry. Co., 17 Texas, 577; Loper v. Robinson, 54 Texas, 514; Culberson v. Blanchard, 79 Texas, 492; McCord Collins Commerce Co. v. Levi, 21 Texas Civ. App., 109.

CONNER, CHIEF JUSTICE.—Appellees, W. D. Burnett and wife, sued to cancel a conveyance made by the appellant to the northwest one-fourth of the Jessie Humphries survey in Eastland County, for which appellees paid sixteen hundred dollars in cash. The ground for the rescission sought was fraud on appellant's part in falsely representing that "he owned said land in fee simple, having an absolute and perfect title thereto." It is alleged in substance that appellees believed such representations, and were induced thereby to make the purchase and to pay the money referred to; that persons having the true legal and equitable title to said land had already instituted a suit to recover the same, which would result in appellees' eviction from the premises, neither appellant at the time of his conveyance, nor appellees by virtue thereof, having any title by limitation or otherwise. It was further alleged that the money so paid by appellees had been by appellant invested in the purchase of one hundred and sixty acres of land in Comanche County, upon which appellees sought to have a lien declared to secure the repayment of the sum so paid by them. Appellees tendered a reconveyance and delivery of possession, and the trial resulted in a verdict and judgment in accordance with the relief sought.

Error is assigned to the action of the court in overruling general and special exceptions to appellees' petition, the insistence being that it only develops an expression of appellant's opinion as to his title. As alleged, appellant's representations amounted to more than the mere expression of an opinion. An unqualified expression of ownership—of absolute title—is an affirmation of fact notwithstanding it may involve an opinion as to the legal sufficiency of the evidences of such title, and it is well settled that false representations of the vendor, affecting the validity and sufficiency of his title, upon which the vendee had a right to rely, and did rely, and which induced the vendee to make the purchase, constitutes such legal fraud as authorizes a court of equity to rescind the contract and decree a return of the purchase money paid. Whether the representation was made with or without knowledge of its falsity is immaterial. In either event the vendor is bound to make reparation for the injury. Neither does the fact that the vendee has accepted conveyance with covenants of warranty deprive him of his remedy of rescission. (Mitchell v. Zimmerman, 4 Texas, 75; Orendorff v. Tallman (Sup. Ct., Ala.), 7 So., 821.) Appellees' petition, therefore, is not subject to the objections here made to it, and the first and second assignments must be overruled.

The evidence shows that during the negotiations of sale appellee W. D. Burnett and an accompanying friend examined, or partially examined, an abstract of appellant's title and certain of his deeds. It is insisted, and perhaps correctly so, that such abstract and title papers manifest the defect of title upon which appellees rely, and appellant on the trial requested special charges to the effect that, even though appellant may have made the representations as to his title, as alleged, if appellee W. D. Burnett afterwards undertook to verify them by an investigation of his own, and had the "data and means at hand of ascertaining the condition of

the title," he could not recover. This is not the law. Appellees were not bound to exercise diligence to discover the falsity of appellant's representations. If he made them, as charged, and appellees, without knowledge of their falsity, as they testified, believed them to be true, and they constituted a material inducement to appellees to enter into the contract, it was sufficient, notwithstanding greater care and diligence on appellees' part might have resulted in a discovery of the fraud. The court so instructed the jury, and we think properly and sufficiently so, appellee having testified that, while he partially examined the abstract and deeds, he was ignorant of land titles, could only read parts thereof, and, discovering no defect, relied upon appellant's representations of good title, and was induced thereby to make the purchase.

A number of objections to the introduction in evidence of certain muniments of the outstanding title were presented on the trial, and urged here by appropriate assignments of error to the action of the court in overruling them. Such objections are in all material respects the same as ruled on adversely in the companion case of G. F. Lee et ux. v. W. H. M. Haile (51 Texas Civ. App., —), decided by us last week. We need not, therefore, in again overruling the objections, notice them further than to say that it appears to be practically undisputed that the outstanding title is the true one; that the court so instructed the jury, and that no objection to such charge was made below or urged here.

Appellant's fifth assignment of error is as follows: "The court erred in refusing to charge the jury the law as set out in defendant's special charge No. 3, for that there was testimony showing that the only statements made by defendant to plaintiff regarding the title to the land in question was, that he, defendant, thought he had a good title, but that he did not know it, which was merely an opinion; and the testimony further showing that such statement was honestly made, and that there was no pretense that defendant had or claimed any superior knowledge of the subject of land titles, said charge was the law applicable to this phase of the case." The evidence, we think, raised the issue suggested in the assignment, and in the companion case before mentioned the judgment was reversed because of the court's refusal to give a requested charge on the subject that we held to be substantially unobjectionable so far as the appellees in that case were concerned. But the issue in this case was requested by an altogether different charge—the one mentioned in the assignment of error under consideration—which, omitting formal parts, we quote from the record as follows: "The mere expression of an opinion or belief by the defendant W. B. Buchanan to the plaintiff, that Buchanan thought that his title was good, and that he thought that he could make a good title, if the said Buchanan honestly believed the title to the land to be good, then such expressions could not constitute fraud such as would give the plaintiff the right to recover, no matter how erroneous such opinion or belief may have been. If the defendant, Buchanan, honestly believed his title to be good, the statements made by him to the plaintiff, Burnett, in regard to said title, in order to amount to a fraud such as would entitle plaintiff to recover in this case, must have amounted to the positive assertion of a fact that Buchanan owned the fee simple title; the statement must have been false; the plaintiff

must have relied solely on it, and must have been induced thereby to accept a deed for the land and pay the consideration."

This charge required the jury to find that appellees relied "solely" on appellant's representations before a verdict could be rendered in their favor, and this is not the law, and the court properly refused to so give it in charge. If appellees accepted as true appellant's representations, and were induced thereby to make the purchase, the fact that appellees' belief in the truth of the representations was fortified or strengthened, as there was evidence tending to show, by other things or by statements of another, is immaterial. Appellant's assurances of good title, if made as alleged, were calculated to lull suspicion, and to bring about the imperfect examination of his evidences of title, on account of which he now seeks relief. He was the possessor of the land, claiming ownership by virtue of the evidences of his title of which he was also in possession, and if such evidences manifested the nullity of his title he was in better position to discover it than appellees. If he did know it he was guilty of positive fraud in representing otherwise. If he had not discovered the defect, he surely can not complain that appellee failed to do so. The issue should doubtless have been submitted, but, error not having been assigned to the court's charge because of its omission, and the special charge on the subject being incorrect, as we have seen, appellant has no legal ground to complain. (Revised Statutes, article 1018; Equitable Life Assur. Soc. v. Maverick, 78 S. W., 562, on motion for rehearing.)

Appellees' special charge No. 1, given by the court, is criticised in the tenth, eleventh and fifteenth assignments of error. The charge is lengthy, and we think it unnecessary to quote it. It substantially presented the law as we have endeavored to above give it on several phases of the evidence not covered by the main charge, and on the whole is not, we think, materially objectionable as on the weight of evidence, or as in effect ignoring "contravening issues," as is insisted.

The evidence fully supports the material allegations of appellees' petition, and we conclude that none of the assignments of error should be sustained, and that the judgment must be affirmed.

*Affirmed.*