## J. C. STEVENSON v. G. C. CAUBLE.

Decided April, 3, 1909.

**1.—Contract—Rescission—Misrepresentations.**

When one by false representations of facts, although innocently made, induces another to enter into a contract, and such representations are made the basis of relief sought by the other, it is no defense to the prayer for such relief to show that the person deceived had the opportunity and means of

correctly informing himself in the premises, unless it be further shown that he took some steps in making an investigation of the facts.

**2.—Same—Pleading.**

In order to avoid a contract induced by misrepresentations, it is not incumbent on the plaintiff to prove that said misrepresentations were made with a fraudulent intent, and the fact that plaintiff so alleged would not alter the rule.

**3.—Same—Principle and Agent—Allegation and Proof.**

Allegations that certain misrepresentations were made by the owner of land will not support evidence that said misrepresentations were made by the agent of the owner.

Appeal from the District Court of Howard County. Tried below before Hon. Jas. L. Shepherd.

*Wagstaff & Davidson,* for appellant.

*John B. Littler* and *Morrison & Morrison,* for appellee.

DUNKLIN, ASSOCIATE JUSTICE.—G. C. Cauble conveyed to J. C. Stevenson section 7 in block 33 Texas & P. Ry. Co. survey, in Howard County, for a consideration of $6,400, of which $700 was paid in cash at the time the deed was executed, and the balance was evidenced by promissory notes, some of which were executed by Stevenson, and others, which were outstanding lien notes against the land, were assumed by him. Some of these deferred obligations were paid by Stevenson, but upon his failure and refusal to pay others that matured, Cauble filed this suit in trespass to try title to recover the land. Stevenson filed his answer disclaiming any title to the land, also a plea over against Cauble alleging that, in the negotiations which culminated in the sale of the land, Cauble had shown him land other than that described in the deed and superior thereto in quality and value, and had fraudulently represented to him that the land so shown him was the land conveyed; that he was induced by such representations to accept the deed, and, by reason of the fraud so alleged, he prayed for a cancellation of the contract of sale and for recovery of the purchase money which he had paid to Cauble. Judgment was rendered in Cauble's favor for the land and denying to Stevenson any recovery on his cross-action. From the judgment refusing his cross-action Stevenson has appealed, and by his first assignment challenges the correctness of the following instruction to the jury given at plaintiff's request, to wit: "You are instructed that if you find and believe from the evidence in this case that the defendant was deceived by representations made to him about the section 7 or the location thereof, but you also find that before he purchased he was put upon inquiry as to the truthfulness of the said representations, he can not recover therefor if he failed to make investigation as to whether or not he had been actually deceived."

From the uncontroverted testimony it appears that at the inception of the negotiations for the sale, Zack Stevens, Cauble's agent, went with the defendant to show him certain sections, including section 7 in controversy, owned by Cauble, for the purpose of making a sale to

the defendant. On returning from their trip of inspection they stopped at Cauble's house, where defendant told Cauble he had decided to purchase section number seven. Cauble and Stevens both testified that in this discussion some question arose as to whether or not Stevens was mistaken in the location of section 7 as he had pointed it out to defendant; that Cauble, who knew the correct location of section 7, then drew a plat of the land showing its true location, and offered to take defendant out and show him the exact location of the corners of section 7, but that defendant declined to go or to make any further investigation to discover whether or not Stevens had made a mistake in attempting to point out section 7, saying he was satisfied with what he had seen. It seems that this testimony was the basis for the instruction complained of and quoted above, but in giving it we think there was error which requires the reversal of the judgment. (Labbe v. Corbett, 69 Texas, 508; Buchanan v. Burnett, 114 S. W., 406; Conn v. Hagan, 93 Texas, 338; Land Mtg. Co. v. Pace, 23 Texas Civ. App., 237; International & G. N. Ry. v. Shuford, 36 Texas Civ. App., 263; Mitchell v. Zimmerman, 4 Texas, 75; 2 Pom. Eq., sections 889, 892, 893 and 895.)

In the case of Labbe v. Corbett, *supra,* the court, in holding that a misrepresentation as to the health of sheep made by Corbett, who sold them to Labbe, the latter relying upon the truth of the representations, would support a plea of failure of consideration for the purchase price of the sheep, used the following language: "If the misrepresentation as to the health of the sheep was made by the appellee, this was known by him to be untrue, for he had testified that he knew the sheep were diseased; so we are relieved from the necessity of determining the effect of an innocent representation as to a matter where the party to whom it is made has means to verify its correctness and fails to avail himself of them."

The principle announced in Pomeroy's Equity, *supra,* seems to be that when one by false representations of facts, although innocently made, induces another to enter into a contract, and such misrepresentations are made the basis for relief sought by the other, it is no defense to the prayer for such relief to show that the person deceived had the opportunity and means of correctly informing himself in the premises, unless it be further shown that he took some steps in making an independent investigation of the facts. In presenting appellant's cause of action to the jury, after submitting the issue whether or not misrepresentations were made by Cauble to Stevenson as to the location of the land, the trial court used the following language, "and you further believe from the evidence that the representations made to Stevenson, if any, were made to induce Stevenson to buy the land, and were false and fraudulent, and were known to be false and fraudulent by the plaintiff at the time they were made, if they were made, and the defendant relied upon said misrepresentations," etc. Under the facts and upon the authorities above noted, we believe that if the misrepresentations were made by Cauble, as alleged by Stevenson, and if Stevenson was thereby induced to buy land inferior to that shown him, it would not be incumbent upon him to further show that Cauble made the misrepresentations with a fraudulent intent; and the fact that

Stevenson alleged that such misrepresentations were fraudulent as well as false, would not call for a different ruling, as contended by appellee.

Stevenson alleged in his pleadings that the misrepresentations of which he complained were made by Cauble. Upon the trial he testified that the same were made by Zack Stevens, the agent of Cauble. Appellee objected to such testimony on the ground that it was at variance with appellant's pleadings. The objection was by the court overruled. Appellee then moved to exclude the testimony on the same ground and this motion was overruled. By cross-assignments of error appellee questions the correctness of these rulings, and those assignments are sustained. (Lewis v. Hatton, 86 Texas, 533; Arndt v. Boyd, 48 S. W., 771; Peyton v. Cook, 32 S. W., 781.)

Judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*