### KINCAID v. TANT.　(No. 7923.)

(Court of Civil Appeals of Texas. Ft. Worth. April 4, 1914. On Rehearing, Nov. 13, 1915.)

1. EXCHANGE OF PROPERTY ☞3—CONTRACTS —RESCISSION—FRAUD.

Where defendant materially misrepresented the character and quality of his land, and plaintiff believed and relied thereon, and would not have entered into a contract for the exchange of lands but for them, the representations were ground for relief by rescission in a court of equity; in such case it is the actual misrepresentation of the lands that constitutes the gist of the action, and it is immaterial whether the representations are fraudulent or made through mistake, or that defendant told plaintiff he had never seen the land.

[Ed. Note.—For other cases, see Exchange of Property, Cent. Dig. §§ 3, 7; Dec. Dig. ☞3.]

2. EXCHANGE OF PROPERTY ☞13—CANCELLATION—INSTRUCTIONS.

In a suit to rescind a contract for the exchange of lands and to cancel a deed executed by plaintiff to defendant, on the ground of fraud and mutual mistake, as to the character of defendant's land, a charge that if all of defendant's representations as to each and all of the lands were true the verdict should be for him, was not objectionable as placing too great a burden on him, and as calculated to mislead the jury.

[Ed. Note.—For other cases, see Exchange of Property, Cent. Dig. §§ 25–29; Dec. Dig. ☞ 13.]

Appeal from District Court, Jones County; John B. Thomas, Judge.

Action by J. D. Tant against W. H. Kincaid. Judgment for plaintiff, and defendant appeals. Affirmed.

Chapman & Coombes, of Anson, for appellant. J. W. Boynton, of Anson, for appellee.

---

SPEER, J. J. D. Tant instituted this suit in the district court of Jones county against W. H. Kincaid for the rescission of a contract for the exchange of lands and for a cancellation of a deed executed by him and his wife to the defendant in conformity therewith; the ground of the attack being fraud and mutual mistake as to the character of the defendant's lands. There was a trial before a jury resulting in a verdict in favor of the plaintiff on the issue of mutual mistake, and judgment was rendered accordingly, and the defendant has appealed.

Most of appellant's assignments of error, notably 1 to 7, present in one form or another the proposition that equity will not relieve on the ground of mutual mistake a purchaser of land where equal information touching the nature, quality, and value thereof was possessed by both parties, and the vendor acted with entire good faith, although the land may in fact be inferior in grade and much less valuable than the parties believed it to be. We cannot sustain this contention.

[1] Without detailing the evidence it is sufficient to say the testimony of appellee supports the finding of the jury to the effect that appellant misrepresented in most material respects the character and quality of his lands, and that appellee believed and relied on the representations and would not have entered into the contract but for them. Representations of this character, even though innocently made, when thus acted upon by another afford that other grounds for relief in a court of equity. Buchanan v. Burnett, 52 Tex. Civ. App. 68, 114 S. W. 406; Maddox v. Clark, 163 S. W. 309. In such a case it is the actual misrepresentations of the thing sold that constitutes the gist of complainant's cause of action, and it is immaterial whether such representations be fraudulent, or more charitably denominated mistake. In either event if the injured party mistakenly relies upon them he may have his relief. Besides, in the present case there is nothing to show that appellee had an equal opportunity with appellant to know the real character of the lands in controversy. Neither can it make any difference that appellant told appellee he had never seen the lands, since the verdict supports appellee's testimony that notwithstanding this appellant yet declared that they were just as he had represented them to be.

[2] Appellant's eighth assignment complains of the ninth (eighth) paragraph of the court's charge upon the proposition that, "where the contract sought to be rescinded shows that the plaintiff had the option of accepting one of several combinations of lands, it was error for the court to instruct the jury to find for the defendant if they found the representations as to each and all of the lands were true, the same placing too great a burden on the defendant, and was calculated to mislead the jury." This assignment is overruled for it is obviously true under the facts stated if all of appellant's representations as to each and all of the lands were true that the verdict should be in his favor, and this is what the charge says. Neither is there any conflict between this paragraph (which appears to have been given inadvertently) and other parts of the charge given.

The verdict of the jury is supported by the evidence and there is no error in the record. The judgment is, accordingly, affirmed.

CONNER, C. J., not sitting.

### On Rehearing.

BUCK, J. The original opinion in this case was rendered April 4, 1914, and the judgment of the trial court affirmed. A motion for rehearing was filed in due time, and has been held under consideration since, pending action by the Supreme Court on two cases involving the same issue, to wit: Whether a definite and material representation of the condition and value of land exchanged or sold, which is relied upon by the other party and is proved to be untrue, affords grounds for rescission, though the party making said positive representation, at the time he made it, had not seen the land, and so stated to the other party. In the case of Maddox v. Clark, 163 S. W. 309, decided by this court, we answered the question in the affirmative. In this, it appeared we were in conflict with the Court of Civil Appeals for the Sixth District, as shown in Boles v. Aldridge, 153 S. W. 373. Writs of error were granted in both cases, and on April 28, 1915, the Supreme Court sustained our holding and affirmed the judgment rendered by this court (Maddox v. Clark, 175 S. W. 1053), and reversed the judgment of the Texarkana court (Boles v. Aldridge, 175 S. W. 1052).

In answer to appellant's request, we include the further findings of fact:

(1) Appellee knew before he had executed the deed to his land traded, but not before he had executed the contract of exchange, that appellant had not personally seen the land concerning which he had made the representation shown to be false. But he made such representation as a matter of fact, it was as to a material matter, and its truth was relied on by appellee, and the belief therein induced appellee to make the trade.

(2) Appellant disclosed to appellee, after the contract of exchange had been signed by both parties, but before the execution of the deeds of conveyance, that he, appellant, had never seen the land represented.

On the authority of the Supreme Court in these two cases, the motion for rehearing is overruled.