FORDTRAN et al. v. CUNNINGHAM.†
(No. 444.)

(Court of Civil Appeals of Texas. El Paso. April 29, 1915. Rehearing Denied June 10, 1915.)

1. VENDOR AND PURCHASER ⬥86—ABANDONMENT OF RIGHTS—TITLE—CURE OF DEFECT.

The institution of a suit to recover money paid on a contract for the purchase of real estate upon discovery of fraudulent representations leading to the sale amounts to an abandonment of the contract, and it is then too late for the seller to make good the title by curing any defects therein.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 144–146; Dec. Dig. ⬥86.]

2. VENDOR AND PURCHASER ⬥35—RESCISSION BY PURCHASER—FRAUDULENT MISREPRESENTATIONS.

Where the vendor of land concealed the existence of a lien thereon, stating that the title was good, and furnished an incomplete abstract, the fact that the purchaser employed an attorney to examine the abstract did not preclude rescission by the purchaser on the theory that it proved nonreliance on the vendor's statements as to the title, since that would leave out the effect of furnishing a false abstract.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 45–51; Dec. Dig. ⬥35.]

3. ATTORNEY AND CLIENT ⬥104 — KNOWLEDGE OF ATTORNEY—DEFECT IN TITLE—RESCISSION BY PURCHASER.

That the attorney employed by the purchaser of land to examine the abstract knew of the existence of a lien which the vendor had concealed and which was fraudulently omitted from the abstract was not, as matter of law, conclusive against the purchaser's right to rescind on discovery of the lien, where there was also evidence that the attorney agreed with the vendor not to disclose the lien to the purchaser.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 92, 93; Dec. Dig. ⬥104.]

---

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
† Writ of error pending in Supreme Court.

4. VENDOR AND PURCHASER ☞336—RECOVERY OF MONEY PAID—DEFENSES.

In an action to recover money paid on a contract for the sale of real estate on account of flaws in the title thereto, that plaintiff has permitted a foreclosure and sale upon the lien which constituted the flaw in the title constitutes no defense.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. § 984; Dec. Dig. ☞336.]

5. VENDOR AND PURCHASER ☞341—RESCISSION BY PURCHASER—RECOVERY OF PAYMENTS.

The rule that, where failure of title is partial and to a specific part of the land conveyed, the damages cannot exceed the value of the part to which title failed, is inapplicable to a case where the purchaser rescinds for fraud and sues to recover what he has paid.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 1008–1017; Dec. Dig. ☞341.]

Error from District Court, Harris County; N. G. Kittrell, Special Judge.

Action by W. B. Cunningham against W. B. Fordtran and another. There was a judgment for plaintiff, and defendants bring error. Affirmed.

Elliott Cage, of Houston, for plaintiffs in error. K. C. Barkley and Atkinson, Graham & Atkinson, all of Houston, for defendant in error.

HARPER, C. J. This suit was filed by W. B. Cunningham against W. B. Fordtran and Bassett Blakely for the sum of $1,710, with interest for breach of warranty of title to certain lots in Houston, Tex., or for fraudulently inducing plaintiff to purchase the said lots. The opinion, in a former appeal of this case, is reported in 141 S. W. 562, to which reference is made for a more definite statement of the nature of the case. The last trial was with a jury and resulted in verdict and judgment for Cunningham in the sum of $1,550, with interest from date of judgment, from which this appeal is taken.

[1] The first assignment is that:

"The court erred in overruling defendant's special exceptions, because the lien complained of by plaintiff was foreclosed and the property sold under said foreclosure and purchased at said sale by defendant Blakely, which purchase inured to the benefit of plaintiff as an after-acquired title; and further because, plaintiff's title having been perfected by said purchase by Blakely, he could not have been injured by any false representations made by defendant Fordtran at the time of the purchase."

The assignment is without merit, for the reason that, after defendant in error discovered the fraud, he instituted legal proceedings to recover his damages, which amounted to an abandonment of his contract to purchase, after which it was too late to cure the defect or offer to make good title The effect of fraud is to vitiate the agreement in toto, and a party who has been guilty of misrepresentation is barred from all right to enforce a contract which that misrepre-

sentation has had any influence in inducing the other party to agree to. Green v. Chandler, 25 Tex. 160; Norris v. Ennis, 60 Tex. 83.

[2, 3] Assignments 2 and 4 are that the court should not have submitted the question of fraud to the jury, because the plaintiff testified that he did not rely on any statements made to him by defendant Fordtran at any time.

The fraud in this case consisted in furnishing an incomplete abstract and by silence concealing from the plaintiff the fact of the existence of the $1,300 lien upon the premises in addition to the statements made by the defendant that the title was good. The fact that plaintiff required an abstract and employed an attorney to pass on it shows that he did not rely on the statement of defendant Fordtran that the title was good. However, this does not free the defendant from the effect of the false abstract, because it was as much a misrepresentation as to say that the title was good. There is some evidence that the attorney of plaintiff knew of the lien, though the jury found that he did not; but, even if he did, there is also evidence that he agreed with defendant not to reveal the fact to plaintiff. Under such circumstances, the defendant cannot claim that such acts of the agent are binding upon the person defrauded, because such agent becomes the agent of the person he collusively serves. Association v. Parham, 80 Tex. 528, 16 S. W. 316.

The tenth is that the court erred in rendering judgment for the plaintiff, because he neither assumed nor paid, nor was he requested to pay, the $1,300 lien of which he complains—is disposed of by what is said under the first assignment.

[4] The ninth and eleventh are to the effect that plaintiff permitted a foreclosure of the lien which he himself had assumed, and sale made by the sheriff, and that he thereby lost his right to recover upon the covenant of warranty, citing Taylor v. Lane, 18 Tex. Civ. App. 545, 45 S. W. 317. The answer is that this is not a suit on the covenant of warranty, but a case of rescinding of the original contract of sale and a suit for the money paid, which plaintiff was entitled to do under the facts of this case. Buchanan v. Burnett, 52 Tex. Civ. App. 68, 114 S. W. 406.

[5] The fourteenth is that, where failure of title is partial and to a specific part of the property conveyed, the measure of damages could not exceed the value of the property to which the title failed. This proposition of law is correct when the purchaser elects to stand by his bargain and sue upon the warranty. Hynes v. Packard, 92 Tex. 44, 45 S. W. 562. But, as held above, this is not such a case.

Finding no error in the record, the case is affirmed.