### MORRISS v. KNEPPER. (No. 11383.)

(Court of Civil Appeals of Texas. Fort Worth.
April 18, 1925.)

**1. Pleading ⬥⟹111—Allegation that defendant committed trespass in county of suit not sustained by proof that he secured another to do so.**

On plea of privilege, allegation that defendant committed trespass complained of in county of suit, within Rev. St. art. 1830, § 9, could not be sustained by proof that he secured another to commit trespass.

**2. Pleading ⬥⟹111—Proof that act was result of "conspiracy" by defendant and others must be predicated on pleading in hearing on plea of privilege.**

Proof on hearing on plea of privilege that act of third person within county of suit was result of conspiracy between him and defendant must be predicated on pleadings to that effect; "conspiracy" implying a criminal or unlawful purpose.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Conspiracy.]

**3. Pleading ⬥⟹111—Defendant presumed to act in good faith.**

Where suit was brought for conversion of automobile taken by another than defendant, to whom automobile was delivered at his place of business in another county, presumption on plea of privilege was that defendant was acting in good faith and not fraudulently.

Appeal from District Court, Tarrant County; Bruce Young, Judge.

Action by Roy F. Knepper against William Morriss. From an order overruling a plea of privilege, defendant appeals. Reversed and rendered.

Etheridge, McCormick & Bromberg and S. M. Leftwich, all of Dallas, for appellant.

A. J. Clendenen, of Fort Worth, for appellee.

BUCK, J. Roy F. Knepper filed suit in the Forty-Eighth judicial district court of Tarrant county against William Morriss, alleged to live in Dallas county, alleging that plaintiff on August 30, 1924, was the owner of an automobile of the value of $1,733.34; that said car was in Fort Worth on October 2d; and that on said last-named date, or on October 3d, defendant William Morriss unlawfully, forcibly, and without the consent of plaintiff took and carried away said car and converted the same to his own use and benefit.

On the trial defendant filed his plea of privilege to be sued in Dallas county. No question is made as to the form of the plea. Plaintiff filed a controverting plea, in which he averred that defendant, by unlawfully, forcibly, and without the consent of plaintiff taking said car from plaintiff's possession in

Tarrant county, committed a trespass in Tarrant county, and the courts of the latter county have venue to try the cause under article 1830, § 9, of the Revised Statutes.

Upon a hearing upon the plea of privilege, only two witnesses were introduced, and they by the plaintiff, and their testimony is all the evidence. Plaintiff, Knepper, testified that he lived in Fort Worth, Tarrant county, and in August, 1924, purchased from Fain-Bender Motor Company the car in question for some $1,700; that he traded another car in on the deal, at $1,100, and gave his notes for $616, the notes being payable to a local bank; that he signed the notes about September 1, 1924; that he wanted a certain kind of tires on the purchased car, but the dealers did not have them in stock, and he left the car in the dealers' showroom until they could secure the tires desired; that the car was taken out of the showroom on October 2d or 3d, at which time all the cars held by the dealers were removed from the dealers' place of business; that he learned later that defendant had the car at the latter's place of business in Dallas, he being an automobile dealer; that he telephoned to defendant about the matter, and he promised to bring the car over to Fort Worth the next day, but after repeated efforts to recover the car plaintiff had failed; but soon after the car was taken from Fain-Bender's place of business the latter went broke.

William Morriss testified, on behalf of plaintiff, that he got possession of the car in Dallas, and that personally he did not know who brought it there; that he was not present when the car was delivered to his place; that he found the car in his place of business; that the car has been sold by him. Over the objection of the defendant, the witness was permitted to state:

"I don't personally know who delivered it to me at my place in Dallas. I understand that Mr. Pringle brought it over to my place of business in Dallas. Mr. Pringle was a member of the firm of Fain-Bender Motor Company. I understand that he brought it over some time early in October. I don't know whether he brought it over at night or not. It was not there when I left my place of business in the evening, and it was there the next morning when I returned. Mr. Pringle and I had discussed the matter in Dallas some time prior to the time that it was brought over, and we both came to the conclusion that it should be brought over. As to whether it was brought over by my direction, I will say that I came to the conclusion that it ought to be brought over and he acquiesced in it, or else he came to the conclusion that it ought to be brought over and I acquiesced in it."

He further testified that Pringle was not in his employment at the time he testified, nor at the time of the taking of the car to Dallas, and that the witness did not take the car in Tarrant county.

---

⬥⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

From a judgment overruling the plea of privilege, the defendant has appealed.

[1] We think the testimony of defendant, while testifying as a witness for the plaintiff that he understood that Pringle brought the car over to Dallas from Fort Worth, was probably objectionable as being hearsay, and that the admission thereof would probably require a reversal of the judgment and a remanding of the cause. But, even· if this testimony was properly admitted, we do not think the judgment of the court below should be affirmed. Plaintiff alleged that the defendant committed the trespass complained of in Tarrant county. That allegation would not be proven by proof that he secured another to do so. Lewis v. Hatton, 86 Tex. 533, 26 S. W. 50; Oriental Land Co. v. Reeder (Tex. Civ. App.) 173 S. W. 939; Stevenson v. Cauble, 55 Tex. Civ. App. 75, 118 S. W. 811.

[2, 3] Nor do we think that the judgment below can be affirmed on the ground that the testimony of defendant shows that a conspiracy had been entered into between defendant Morriss and Pringle to have Pringle bring the car over from Fort Worth to Dallas, and that the defendant was liable in law for the act of his coconspirator. As a predicate for proof that an act was the result of a conspiracy entered into by defendant and others, allegations to that effect must be pleaded. 8 Cyc. pp. 673, 674; 5 R. C. L. § 52, p. 1103. In Wells v. Houston, 23 Tex. Civ. App. 629, 57 S. W. 584, 597, it is said:

"The law is that, where a man has conspired with others to cheat and defraud the plaintiff in the sale of certain property by· fraudulent concealments or misrepresentations, and the fraud has been perpetrated accordingly, though by some other member of the conspiracy, he will be liable, even where he himself has not made any of the misrepresentations complained of. 1 Bigelow, Frauds, 247. But, where one has made no misrepresentations, nor done anything to induce the plaintiff to make the sale, the fraudulent conspiracy must be alleged and established before he can be held liable. The mere general averment, without setting out the facts, upon which the charge of fraudulent conspiracy is predicated is insufficient. It is essential that the facts and circumstances which constitute it should be set out clearly, concisely, and with sufficient particularity to apprise the opposite party of what he is called upon to answer. 9 Enc. Pl. & Prac. 686, 687, and authorities there cited. No facts which would tend to show a fraudulent conspiracy entered into by J. B. Wells with C. M. Wells to defraud the plaintiff in the sale of his property are alleged or proven."

We think, since the evidence showing that defendant did not do anything in Tarrant county towards consummating the alleged conspiracy, that the rule enunciated in the Wells v. Houston Case and other authorities cited should apply. Moreover, we doubt whether the facts even tend to establish any act of conspiracy. A conspiracy implies a criminal or unlawful purpose. Bouvier. There is no evidence in the record that, at the time the car was taken from Fort Worth, the defendant had any knowledge of any claim to it by plaintiff. Defendant was the state distributor of the make of cars which Fain-Bender were handling, and when the latter went broke it was probably his duty to seek to save his employers from any loss occasioned by Fain-Bender's failure, and his right to save himself, if the threatened loss was to him personally, and to take charge of any cars apparently belonging to said employers, or belonging to him, or against which either had any claim. Such facts would be presumed, rather than that defendant was actuated by a fraudulent purpose.

For the reasons stated, the judgment below overruling the plea of privilege will be reversed, and judgment entered here granting the transfer of the cause to Dallas county, and this judgment will be certified below for observance by the clerk below.