## LIMBURGER v. GRAEBNER et al.
### (No. 7604.)

(Court of Civil Appeals of Texas. San Antonio.  Oct. 20, 1926.  Rehearing Denied Nov. 17, 1926.)

**1. Fraud ⬥64(5)—Whether purchaser relied on representations as to quantity of land held for jury.**

Whether purchaser relied on false representations of vendor's agent as to quantity of land *held* for jury, where he did not have land measured when he went on it to ascertain its location and surroundings.

**2. Fraud ⬥22(1)—Positive representation by vendor as to quantity of land. may be acted on by purchaser without verification.**

Positive representation by vendor as to quantity of land may be acted on by purchaser without verifying it by independent investigation, since vendor presumably knew whether such representation was true.

**3. Vendor and purchaser ⬥334(7)—Equity will · grant relief, where misrepresentation which caused mistake as to quantity of land sold was so great as to affect essence of contract.**

Equity will grant relief, where there has been misrepresentation as to quantity in sale of land, and parties were under mistake as to quantity, and deficiency was so great as to affect essence of contract.

**4. Trespass to try title ⬥44—Directed verdict for defendant in trespass to try title held error.**

Directed verdict for defendant in trespass to try title *held* error, where warehouse had been built on lot to which plaintiff showed title.

Appeal from District Court, Bexar County; Robt. W. B. Terrell, Judge.

Suit by August Limburger against Gus A. Graebner and another.  Judgment for defendants, and plaintiff appeals.  Reversed and remanded.

Heilbron, Kilday & Howard, of San Antonio, for appellant.
D. A. Meyer, C. J. Gray, and Don A. Bliss, all of San Antonio, for appellees.

FLY, C. J.  This is a 'suit instituted by August Limburger against G. A. Graebner and Maria Dielmann, widow of· J. C. Deilmann, deceased, to recover damages from Graebner, arising from a deficiency of land in certain lots in San Antonio, conveyed by Graebner to appellant, and in trespass to try

title against Dielmann. Afterwards it was shown to the court that August Limburger had died and Otto Limburger, Henry Limburger, Jr., and Larkin C. Smith, executors of the estate of August Limburger, deceased, were made parties to the suit. The executors filed the fifth amended original petition on which the cause was tried. A jury heard the testimony, and afterwards the court instructed a verdict for appellees, which was returned, and judgment rendered in favor of the appellees.

[1] August Limburger was dead, and it became necessary for appellant to utilize the testimony of William L. Schutz, a real estate agent, who represented Graebner in the sale of the land. He stated that he showed August Limburger the land that Graebner desired to sell, but at the same time told him that each of the lots was 20 varas in breadth, fronting on San Fernando street, and were 40 varas in depth. The deeds in the chain of title and maps and plats substantiated that statement. After the land had been bought and paid for, it was measured and ascertained that it lacked 27.8 feet of having 40 varas or 111.5 feet, and had only 83.7 feet front on San Fernando street.

The representations as to the length of the lines of the two lots made by Schutz, who was the agent of Graebner, must have influenced the action of Limburger, for, although he ascertained by actual view the topography and surroundings of the lots, he did not have the lots measured. If he had not been perfectly satisfied as to the amount of land he was negotiating he would undoubtedly have had it measured when he went on it to ascertain its location and surroundings. Undoubtedly the representations made to him must have lulled him into security as to the quantity of land. At any rate, the testimony raised a question of fact which should have been passed upon by the jury.

It would be unreasonable to suppose that Limburger would have bought the land if he had not believed that the land described by metes and bounds in the deeds referred to in his deed of conveyance from Graebner correctly described the land bought by him, and, to still further disarm him and throw him off his guard, the seller represented that the frontage on San Fernando street was that mentioned in the deeds. No sane man would pay the full value of lots of land, knowing that one-fourth of them was not owned by the vendor seeking to sell them.

[2] It is contended that Limburger could and should have ascertained, before he purchased the land, the length of the lines of the lots and amount of land in an independent investigation of his own. But that was not required. The rule is well established that, when a positive representation of fact is made by a party who presumably knows whether or not his representations are true, or is charged with such knowledge, the party receiving it may act upon it, and is not bound to verify it by an independent investigation. As said in Pomeroy's Equity Jurisprudence, vol. 2, § 895:

"When a representation is made of facts which are or may be assumed to be within the knowledge of the party making it, the knowledge of the receiving party concerning the real facts, which shall prevent his relying on and being misled by it, must be clearly and conclusively established by the evidence. The mere existence of opportunities for examination, or of sources of information, is not sufficient, even though by means of these opportunities and sources, in the absence of any representation at all, a constructive notice to the party would be inferred; the doctrine of constructive notice does not apply where there has been such a representation of fact. If one party—a vendor, for example—claims that the invalidating effects of his misrepresentations are obviated, and that the purchaser was not misled by them, either because they were concerning patent defects in the subject-matter, or because he was from the outset acquainted with the real facts, or because he had made inquiry and had thereby ascertained the truth, the foregoing qualification plainly applies; it is plainly incumbent on the vendor to prove the alleged knowledge of the purchaser by clear and positive evidence, and not leave it a matter of mere inference or implication; an opportunity or means of obtaining the knowledge is not enough."

The text states the law clearly, and is supported by ample cited authority, among the cases cited being Stevenson v. Cauble, 55 Tex. Civ. App. 75, 118 S. W. 811, and Insurance Co. v. Hargus (Tex. Civ. App.) 99 S. W. 580.

[3] The rule in cases of deficiency in quantity of land conveyed is thus stated in Smith v. Fly, 24 Tex. 345, 76 Am. Dec. 109:

"It appears to be well settled that, in the sale of land, where there has been misrepresentation as to the quantity, though innocently made, and the parties were under a mistake as to the quantity, and the deficiency is so great as to have been material, in the object of the purchase, affecting the essence of the contract, equity will grant relief. * * * And this, says Judge Story, would be so, although the land was described as so many acres, 'more or less.' "

That is the rule in Texas, and the case has been often cited with approval. In the case of Brown v. Yoakum, 170 S. W. 803, this court quoted from the Smith v. Fly Case and held:

"Where there has been fraud or mistake in the representations made by the vendor as to the quantity of land conveyed by him, the rule is that the purchase price will be diminished in proportion to the deficit in acreage, in a court of equity."

In the case of Summit Place Co. v. Terrell, 203 S. W. 1110, the facts were quite similar to the facts in this case, and this court

held that, where the front line of a city lot was represented by the vendor to be 114 feet, when a subsequent measurement showed only 98 feet, that the vendee could recover for the deficiency. See also case of Gillespie v. Gray, 230 S. W. 1027, decided by this court through opinion of Associate Justice Smith.

[4] In this case the facts showed that J. C. Dielmann had built a warehouse on a part of lot 14, and claimed under pleas of limitation. Appellants showed that the title to lots 14 and 15 was in August Limburger, and Mrs. Dielmann offered no evidence to show title or to prove limitation. The court, however, instructed a verdict in her favor as well as in favor of Groebner. We will not discuss the facts further, but hold that they were of such a nature that the cause should not have been taken from the jury, but should have been presented to them by a charge of the court.

The judgment is reversed, and the cause remanded.